## No. 1,540.

## The City of Huntington v. Burke.

Municipal Corporation.—*City.—Insufficiency of Complaint for Damages Resulting from Defective Sidewalk.*—In an action against a city for damages for injuries sustained by plaintiff stepping into a "hole and broken place" while passing on and along the sidewalk in said city, the complaint is insufficient which does not show that defendant knew of the "hole and broken place" a sufficient length of time prior to the accident to have repaired the same in the exercise of reasonable care; nor that the "hole or broken place" had existed for such a length of time prior to the accident that appellant, in the exercise of reasonable care, should have discovered and repaired it.

From the Wabash Circuit Court.

*J. B. Kenner* and *U. S. Lesh*, for appellant.

*C. W. Watkins* and *B. F. Ibach*, for appellee.

Davis, J.—This was an action instituted by appellee against appellant to recover damages on account of personal injuries sustained by her. The first error presented for our consideration brings in review the action

of the Huntington Circuit Court in overruling the demurrer of appellant to the complaint.

It is alleged in substance in the complaint that the appellant is a corporation, duly organized under the laws of the State of Indiana, and, that on the 25th day of December, 1890, appellee was, without fault or negligence, passing on and along a sidewalk in said city, and, that while she was so passing along, she stepped into a hole and broken place in said sidewalk and injured her ankle joint; that she was using due care in traveling said street.

It is further alleged that said sidewalk was suffered, knowingly by appellant, to remain out of repair for six months previous to said accident; that appellant was bound to keep the same in repair and reasonably safe for travel, which it had failed and neglected to do.

There is no description, in the complaint, of the "hole and broken place" in said sidewalk. Neither the size, character nor extent of the "hole and broken" place is in any manner indicated. Nor is there any allegation that said "hole and broken place" had existed in the sidewalk for any length of time prior to the accident.

It is alleged in general terms that appellant was bound to keep the sidewalk in repair and reasonably safe for travel, and that it had failed and neglected to perform this duty, and that said sidewalk was suffered, knowingly by appellant, to remain out of repair for six months prior to the accident, but there is nothing in the complaint to show that these averments have any reference to the "hole and broken place" in the sidewalk.

If there was any connection between the allegations relative to the "hole and broken place," and the subsequent averments concerning the duty of the city to keep the sidewalk in repair and reasonably safe for travel, and that it had failed and neglected the performance of this

duty, and suffered the same to remain out of repair for six months prior to the accident, the complaint would perhaps be sufficient.

In order to hold appellant liable for injuries sustained by appellee on account of the "hole and broken place" in the sidewalk it is necessary to show that appellant knew of this "hole and broken place" a sufficient length of time, prior to the accident, to have repaired the defect, in the exercise of reasonable care, or that the "hole and broken place" had existed for such length of time that appellant, in the exercise of reasonable care, should have discovered and repaired it. The mere fact that the appellant knowingly suffered the sidewalk to remain out of repair for six months did not entitle appellee to recover unless such negligence was the proximate cause of the injury sustained by her. If the defect, referred to as having existed for six months, was shown to be the "hole and broken place" in the sidewalk, then appellant, under the circumstances alleged, would, perhaps, be liable for the injuries sustained by her, if without fault on her part; but, as we have seen, it is not alleged that the "hole and broken place" which caused her injuries were the defects which were suffered knowingly by appellant to remain out of repair for six months prior to the accident.

For aught that appears in the complaint the "hole and broken place" had not been in the sidewalk for any length of time prior to the accident, and the defects which were suffered knowingly by appellant to remain out of repair prior to the accident were defects which had nothing to do with the injuries sustained by appellee.

It is settled in this State that a complaint charging the defendant with an act injurious to the plaintiff with a general allegation of negligence in the performance of

the act is sufficient to withstand a demurrer to the complaint for want of sufficient facts. In this case the complaint charges that the "hole and broken place" was the cause of appellee's injuries, but there is no allegation of negligence on the part of appellant in suffering the "hole and broken place" to be in the sidewalk. In other words, as we have seen, it is not shown that appellant knew of this "hole and broken place" a sufficient length of time prior to the accident to have repaired the same in the exercise of reasonable care, nor that the "hole and broken place" had existed for such a length of time prior to the accident that appellant, in the exercise of reasonable care, should have discovered and repaired it. *Town of Monticello* v. *Kennard*, 7 Ind. App. 135.

For the reasons stated the demurrer should have been sustained to the complaint.

Judgment reversed, with instructions to sustain the demurrer to the complaint with leave to amend if desired.

Filed Dec. 11, 1894; petition for a rehearing overruled Feb. 8, 1895.