## CITY OF HUNTINGTON v. BURKE.

[No. 2,624.   Filed Dec. 20, 1898.   Rehearing denied Mar. 7, 1899.]

MUNICIPAL CORPORATIONS.—*Injury Resulting from Defective Sidewalk.*—*Complaint.*—In an action against a city for injury resulting from a defective sidewalk, a complaint containing a description of the hole in the walk, and the time it had negligently been allowed to exist, and averred that in traveling along the walk, without negligence, and without any knowledge of the hole in the walk the plaintiff stepped into it, sufficiently shows that the injury was caused by the city's negligent failure to repair the defect. *pp. 657, 658.*

SAME.—*Defective Sidewalk.*—*Notice.*—*Special Findings.*—In an action against a city for personal injuries resulting from a defective sidewalk, a special finding that the city had no notice of the defect prior to the day of the injury does not entitle the city to a judgment notwithstanding a general verdict for plaintiff, since the city might have had notice in time to have repaired the defect and avoided the injury which occurred during the night-time of the day stated. *pp. 659, 660.*

INTERROGATORIES TO JURY.—*When Presented to Court.*—A party desiring to have interrogatories submitted to the jury must make the request and submit the interrogatories to the court before the argument commences, or they may be properly refused. *pp. 660, 661.*

EVIDENCE.—*Personal Injuries.*—*Declarations of Pain.*—On the trial of an action for damages for personal injuries which are shown to be permanent, declarations of the injured person indicative of existing pain are competent, though made long after the injury. *p. 661.*

SAME.—*Mortality Table.*—On the trial of an action for personal injuries shown to be permanent, it is competent to prove expectancy of life by the American table of mortality.    *p. 662.*

APPEAL AND ERROR.—*Exclusion of Question to Witness.*—*Review.*— Error in excluding a question calling for a conclusion of the witness will not be reviewed by the Appellate Court, where no statement was made as to what facts it was expected to elicit by the answer. *p. 662.*

SAME.—*Instructions.*—It is not error to refuse to give to the jury a requested instruction which instruction is covered by others given. *p. 663.*

JUDGMENT.—*Excessive Damages.*—*When Verdict Not Set Aside on Account Of.*—The Appellate Court will not set aside the verdict of a jury on account of excessive damages, where the damages assessed are not so great, in view of the evidence, as to induce the belief that the jury acted from partiality, prejudice, or corruption. *p. 664.*

From the Wabash Circuit Court. *Affirmed.*

*J. B. Kenner, U. S. Lesh, J. F. France* and *O. H. Bogue,* for appellant.

*Ibach & Ibach, H. C. Pettit* and *W. G. Sayre,* for appellee.

COMSTOCK, J.—Action by appellee against appellant to recover damages on account of personal injuries sustained by reason of a defective sidewalk in the city of Huntington. The case was tried in the Wabash Circuit Court on change of venue. This is the second appeal. The former appeal is reported in 12 Ind. App. 133. The judgment of the lower court was reversed, because the complaint did not show that the appellant knew of the particular defect in the sidewalk through which appellee was injured, a sufficient length of time prior to the accident to have repaired the same in the exercise of reasonable care, or that the defect had existed for such length of time that appellant, in the exercise of reasonable care should have discovered and repaired it. It appears also from the opinion, that there was no description in the complaint of the hole and broken place in the sidewalk, nor any allegation that it existed for any definite time prior to the accident. In the trial (being the third of the cause) resulting in the judgment from which this appeal was taken, the cause was put at issue upon an amended complaint in three paragraphs. The jury returned a general verdict, assessing the damages of appellee at $2,000, and with the general verdict returned answers to interrogatories, upon which the court rendered judgment in favor of appellee, for the amount named in the verdict.

The first, second, and third specifications in the assignment of errors question the sufficiency of each paragraph of the complaint. Appellant's learned

City of Huntington *v.* Burke.

counsel address their argument to the third paragraph, with the statement that the three are very similar but that the first and second are weaker than the third. Counsel urge as an objection to this paragraph that it does not appear as to what the conduct of the appellee was in going upon the walk,—whether she exercised her sense of sight, or how she proceeded, and whether, by using her senses, she could or would have discovered the defective place, and avoided it. The complaint does not even aver that the injury was caused by, or was the result of, the negligence of the appellant.

Omitting the allegations as to the municipality of and the duties of appellant in reference to its public streets, said paragraph alleges, in substance, that on the 6th day of December, 1890, there was on the western side of Charles street, in said city, a sidewalk elevated from eighteen inches to two feet above the ground beneath; that said walk was one of the permanent sidewalks of the city, much traveled and used by the citizens thereof and others; that there was in said walk at said date, at or near a lot known as "Chambers Lot," an opening about six inches wide and two feet long, extending half way across said walk, making a dangerous hole, about two feet deep, which was by the defendant negligently allowed to remain in said walk for a period of at least from two to four months prior to said day, and during said period defendant had sufficient time and opportunity to learn and know of such hole, but negligently failed to repair the same and close the same up; that during the night-time of about said date, it was still then and there negligently suffered to remain open and exposed, without guards or other protection or notice to citizens and travelers so as to avoid stepping into said hole, and of which

hole this plaintiff had no notice; and, on the night aforesaid, this plaintiff, in the ordinary mode of walking, was traveling along on said sidewalk, and without fault or negligence on her part in entering upon said walk, and without any knowledge of said hole, did, without fault on her part, step into said hole, etc., receive the injuries complained of, caused by the negligence of defendant, without fault on her part. This paragraph is manifestly framed to meet the defect pointed out in the original complaint upon the former appeal. It contains a description of "the hole and broken place" on the sidewalk. Its size is given, and the time it had existed prior to the accident, viz: from two to four months. It avers that in traveling along the walk, without negligence, and without fault, and without any knowledge of said hole, appellee stepped into it. We think it sufficiently appears that the injury was occasioned by the negligent failure of appellant to close up the defect in the walk. "It is settled in this State that a complaint charging the defendant with an act injurious to the plaintiff, with a general allegation of the negligence in the performer of the act, is sufficient to withstand a demurrer to the complaint for want of sufficient facts." *City of Huntington* v. *Burke, supra.* This paragraph is not open to the objections pointed out. The court did not err in overruling the demurrer.

The third paragraph alleges that the injury was received on the 6th day of December, 1890. The first and second paragraphs fix the date of the injury at December 25, 1890. The answers to interrogatories show that the injury was received December 6, 1890. The verdict, accordingly, being upon the third paragraph, it is not necessary to pass upon the other two.

The fourth specification of error questions the action of the court in overruling appellant's motion for

judgment on the special verdict returned in the second trial. The jury upon that trial assessed appellee's damages at $3,500. We have considered the interrogatories and answers thereto, composing the special verdict; and, while it is clear that the court would not have been justified in rendering judgment on that verdict in favor of appellee (and this disposes of the cross-error assigned by appellee), we think the trial court, in view of all the facts found, best subserved the ends of justice by overruling the motions of appellant and appellee for judgment on said verdict, and sustaining appellant's motion for a new trial. In numerous adjudged cases, the Supreme and this Court have directed a new trial when reversing judgments rendered on special verdicts held to be insufficient to warrant the judgment rendered thereon by the trial court.

The fifth specification of error is the refusal of the court to render judgment on the answers to interrogatories, notwithstanding the general verdict. It is claimed that appellant was entitled to judgment upon the answers to the two interrogatories following, for the reason that they show that appellant had no notice of the defect in the sidewalk. Interrogatory 23: "If you find that there was a board broken and gone in such sidewalk, did the city of Huntington have notice or knowledge of such defect prior to December 6, 1890? Ans. "No." Interrogatory 41: "What notice or knowledge did the city of Huntington have prior to December 6, 1890, that there were boards broken and gone from the sidewalk of Charles street?" Ans. "None." The judgment was rendered under the verdict law in force March 4, 1897 (section 546, Horner's R. S. 1897, Acts 1897, p. 128). It substantially reenacts section 546 R. S. 1881. A general verdict being returned, neither party was bound to set forth in

interrogatories all the facts relied upon, but could submit to the jury interrogatories to elicit one or more of the facts involved. In their general verdict the jury necessarily found the absence of negligence on the part of the appellee contributing to her injury, and the negligence of appellant, as the proximate cause of her injury. Entering into this finding of appellant's negligence, was the reasonable notice to appellant in time to have repaired the walk before the accident. The accident occurred on the night of December 6, 1890. The rule laid down in *City of Fort Wayne* v. *Patterson*, 3 Ind. App. 34, has been applied by the Supreme and this Court in numerous cases. It is: "If, taking all the special findings together, and adding to them any other fact that might have been proved under the issues, an irreconcilable conflict with the general verdict can be avoided, the answers to the interrogatories will not be allowed to control." See *Sponhauer* v. *Molloy, ante,* 287, decided at the present term of this court. We think, under the issues, other facts might have been proved, which would have avoided such conflict. Actual knowledge of some officer of the city might have been proved on the morning of December 6; it would have been for the jury to have determined whether that notice gave a reasonable time in which to have repaired a dangerous break in a much used thoroughfare; and, on such finding, an irreconcilable conflict might, if existing, have been avoided.

The sixth specification calls in question the action of the court in overruling appellant's motion for a new trial. We will consider the reasons for the motion for a new trial in the order in which they are presented in appellant's brief.

The first reason discussed is the refusal of the court to submit to the jury three interrogatories set out in a bill of exceptions. Numerous decisions

under section 546, *supra*, have held that a person desiring to have interrogatories submitted to the jury must make the request and submit the interrogatories to the court before the argument commences, or they may be properly refused. *Ollam* v. *Shaw*, 27 Ind. 388; *Malady* v. *McEnary*, 30 Ind. 273; *Miller* v. *Voss*, 40 Ind. 307; *Glasgow* v. *Hobbs*, 52 Ind. 239. It does not appear from the bill of exceptions when the interrogatories were submitted to the court. As every presumption must be indulged in favor of the rulings of the trial court, it will be presumed that the interrogatories were not presented in time to the court.

The next two reasons discussed may be considered together. They relate respectively to the portions of the testimony of Drs. Wright and Ford, witnesses in behalf of appellee. Counsel for appellant, in their brief, say that Dr. Wright was permitted to testify that in his examination of appellee's ankle, made seven years after the alleged injury, she said it hurt her, and manifested pain. An examination of that part of the record to which we are cited shows that the only expression of pain manifested was the retraction of the limb when it was moved. Dr. Ford testified to an examination made of the injured ankle of appellee four years after the accident. He repeated nothing that she said, but testified that, in his examination, she evinced pain. Both witnesses testified that, in their opinion, the injury was permanent. But, even if these witnesses had testified to verbal expressions of present pain, such testimony would have been proper. The interval of time between the injury and the expression of pain would go to the weight of the testimony, but not its admissibility. Upon the subject of the declarations of an injured person, indicative of existing pain, see *Board, etc.*, v. *Liggett*, 115 Ind. 54, and the cases there cited.

Counsel claim that the court erred in permitting the introduction in evidence of a page of the agents' rate book of the Mutual Life Ins. Co. of N. Y. The record shows that the page introduced gave the expectancy of life, according to the American table of mortality, between the ages of thirty-five and forty-two. Plaintiff's age was thirty-five years. In this there was no error; such evidence is proper in cases of this character.

The next reason assigned is the overruling of an objection by appellant to a question propounded to appellee, which question was not answered.

Appellant next claims that the court erred in overruling an objection to a question propounded by appellant to N. W. Sufford, a witness for appellant. The witness had testified that he lived in the vicinity of the walk in question, passed over it from four to six times a day, and knew its condition. He was then asked the following question: "Now tell the jury what was the condition of that sidewalk, as to being safe for ordinary travel, during that time." The question called for a conclusion of the witness. Counsel made no statement to the court as to what facts they expected to elicit by the answer; so that, if the question had been proper, we find that the question was not reserved. Besides, in answer to a subsequent question, the witness was permitted to describe the condition of the sidewalk.

Under the thirteenth reason for a new trial, counsel complain of instruction number three and one-half given to the jury. Said instruction is as follows: "The court charges you that it is the duty of the city authorities to keep the streets in repair, and to prohibit obstructions or defects therein, so far as this can be done in the exercise of reasonable care and prudence; and that any person traveling upon the side-

walk, when using the same with due diligence and care, has a right to presume and act upon the presumption that it is reasonably safe for ordinary travel, throughout its entire width, and free from all dangerous holes, obstructions, or other defects. And if you believe from the evidence that the plaintiff, while passing along one of the sidewalks in said city of Huntington, was injured as alleged in her complaint, and that the injury would not have happened to her if the said sidewalk had been in reasonably good repair and safe condition, then the defendant is liable for such injury; provided the jury believe from the evidence that the plaintiff was exercising reasonable care and caution to avoid injury while passing over said sidewalk, and that said city did not use reasonable care to keep said sidewalk in safe condition." Counsel claim that this instruction is misleading, is contradictory with itself and others given, and therefore misleading. Another instruction is complained of as "confusing and misleading;" another, as "a bundle of generalities." Considering all the instructions together, we do not find them open to the objections specified.

Appellant further complains of the refusal of the court to give the following instruction: "What I mean by due care and caution is this: One who goes upon a sidewalk must use his or her eyes to see if any danger is in the way, and if any person does not look at such a time, he or she cannot recover, if, by looking, the danger or defect could have been avoided." The instruction requested, we think, was covered by instructions twenty-two and twenty-three, given by the court: (22) "A sidewalk may have become insecure from use or breaks, or planks may have become loose or displaced by the action of the elements or by accident, so that persons are liable to stumble and fall;

but this does not necessarily involve the city in liability, so long as the defect can be readily discovered and easily avoided by persons exercising due care, provided the defect be of such a nature as not of itself to be dangerous to persons so using the walk." (23) "The court charges you that the reasonable care and caution required of the plaintiff, as mentioned in the foregoing instructions, means such an exercise of the sense of sight, and such a degree of care and caution while walking over the sidewalk in question, which might reasonably be expected from an ordinarily prudent person under the circumstances surrounding the plaintiff at the time of the alleged injury."

The twenty-third reason for a new trial challenges the sufficiency of the evidence to sustain the verdict; the twenty-fourth, that it is contrary to law. Neither of these reasons is tenable. On an examination of the record, we find evidence to sustain the verdict. If it contains contradictions, they were for the jury to reconcile; and under the well known rule, upon this ground, this court cannot disturb the judgment.

The last reason urged for a new trial is that the damages assessed are excessive. The damages assessed are not so great, in view of the evidence, as to induce the belief that the jury acted from partiality, prejudice, or corruption; and therefore, under numerous decisions of the Supreme Court, we would not be justified in setting the judgment aside. *Lawler* v. *Duckworth*, 19 Ind. App. 535, and cases there cited.

We have passed upon all the questions discussed except appellee's motion to dismiss the appeal. We find no error for which the judgment of the trial court should be reversed. Judgment affirmed.