[No. 3845. Decided March 12, 1902.]

WILLIAM C. DURHAM *et ux., Respondents,* v. CITY OF SPOKANE, *Appellant.*

MUNICIPAL CORPORATIONS — NEGLIGENCE — DEFECTIVE SIDEWALK — SUFFICIENCY OF COMPLAINT.

Where a complaint charges negligence on the part of the city in allowing a sidewalk to continue for a long period of time in a dangerous condition, by reason of being old, rotten, full of holes and out of repair, it is not demurrable on the ground of failing to show knowledge on the part of the city of the particular hole into which plaintiff stepped and was injured, when actual knowledge of the unsafe condition of the walk was charged against the city and the particular officer whose duty it was to superintend the streets and sidewalks.

SAME — ACTION FOR INJURIES — FILING OF CLAIM — RECOVERY FOR INJURIES SUBSEQUENTLY DEVELOPED.

A charter provision requiring claims for injuries to be presented to the city council within thirty days after an accident will not restrict the claimant in an action for damages to the injuries set forth in such claim, where further injuries, naturally and proximately resulting therefrom, have developed subsequent to the expiration of the thirty day period for filing the claim.

SAME — RESTRICTIONS AGAINST SUIT — REASONABLENESS.

A charter provision restricting actions for damages against a city to such claims for injuries as shall have been presented within a limited period will be upheld only so far as it is reasonable and tends to the due administration of justice.

SAME — PLEADINGS — ADMISSIONS.

Where plaintiffs' complaint alleged that they presented their duly verified claim for damages to the city council on a date named, setting out the claim in full, and the answer admitted

that the claim described was filed with the city clerk, but denied each and every other allegation contained in the paragraph, the answer must be held as admitting everything that went to the description of the claim, such as that it was in certain words and figures, duly verified, and presented by plaintiffs on a date named.

SAME — PRESENTMENT OF CLAIM TO CITY COUNCIL.

A charter provision requiring claims to be presented to the city council is sufficiently complied with by filing them with the city clerk, the officer through whom all claims against the city must be presented.

SAME — EXCESSIVE DAMAGES.

Where the effect of injuries received through the negligence of a city was to permanently destroy the general health of the woman injured and leave her a cripple for life, by reason of the fracture of a leg and ankle, the dislocation of a hip, the shock to her pelvis, spine and back, whereby she suffered cramps, partial paralysis of the bowels and legs and had a miscarriage, and her bladder was so injured that it is impossible for her to retain urine, a verdict for $12,000 is not excessive.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*F. M. Dudley, T. D. Rockwell, J. W. Merritt* and *Seabury Merritt,* for appellant.

*John H. Roche* and *Harris Baldwin,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—This is an action for personal injuries received by the respondent from a fall upon the sidewalk of the appellant city. The trial resulted in a judgment in favor of the respondents. The first error assigned is upon the refusal of the trial court to sustain a general demurrer to the complaint. That part of the complaint material to the question presented alleged, in substance: That a certain street of the appellant city, known as "Riverside Avenue," was at the time of the injuries

complained of, and is now, one of the principal business, and most frequently traveled, streets of the city, and was at all the times in the complaint mentioned under the direct supervision and control of the appellant.

"That on or about the 15th day of August, 1899, and at the time plaintiff received the injuries hereinafter mentioned and a long time prior thereto, the defendant carelessly and negligently, and for want of ordinary care, permitted and allowed the sidewalk on the north side of Riverside avenue between Lincoln and Monroe streets, and more particularly that portion of said sidewalk near and adjoining Monroe street, and directly in front of the building known as the 'Dodd Block,' to become old, rotten, unsafe, and out of repair, and dangerous for the public to travel thereon, and the superintendent of streets of said city had actual notice thereof more than twenty-four hours next before the injury herein complained of, and, having actual notice thereof, and well knowing for a period of more than four months the said sidewalk to be old, rotten, unsafe, and out of repair, and dangerous for the plaintiff and public in general to travel thereon, and was old, rotten, unsafe, and out of repair, and dangerous in this, to-wit: That the said sidewalk was then and there composed of wooden boards which were worn by long previous use in said sidewalk, and were rotten with age and from long exposure to the weather and elements so long that the said boards composing said sidewalks were then and there in such a weak condition that they and the sidewalk would not sustain the weight of an ordinary adult person, and, by reason of said condition of said boards and said sidewalk, there were then and there in said sidewalk several holes, the number of which is to these plaintiffs unknown.

"That on the 15th day of August, 1899, while the said Hattie C. Durham was then and there walking along and upon said sidewalk on the north side of Riverside avenue between Lincoln and Monroe streets, in the said city of Spokane, and directly in front of the building known as the 'Dodd Block,' being about No. 926 on said Riverside avenue, and about sixty-five yards from the east side of the

south end of the Monroe street bridge in said city of Spo-
kane, and while exercising ordinary care, and not knowing
the dangerous and unsafe condition of said sidewalk, her
foot, by reason of said condition of said sidewalk, went
through a hole in said sidewalk and became fastened
therein, and by reason thereof she fell through and upon
said sidewalk, and then and there sustained thereby the
following injuries, to-wit:"—etc.

The particular objection made to the complaint is that
it fails to allege that the hole into which the respondent's
foot went and became fastened—the direct cause of the
injury—was one of the holes theretofore existing in the
walk of which the city had knowledge. But, as we under-
stand the complaint, the gravamen of the allegation is
that the general bad and unsafe condition of the sidewalk
at the place where the injury occurred, and not any par-
ticular hole therein, was the cause of the injury; that
this condition existed for a long period of time, to the
actual knowledge, not only of the city officers generally,
but of the particular officer whose duty it was to super-
intend the streets and sidewalks and protect the public
against dangers arising from defects therein. This being
true, the particular hole the respondent stepped into is not
material. If the sidewalk at the place where the injury
occurred was old, rotten, full of holes, and out of repair,
and dangerous generally, and had been so for a period of
four months prior thereto, and such condition was the
cause of the injury, it can make no difference as to the
city's liability therefor whether the injured person stepped
into an existing hole, or a hole made by her at the time of
the injury, or, if she did step into an existing hole, whether
that particular hole existed for a long or for a short period
of time, provided, of course, she was not guilty of con-
tributory negligence. The complaint, in describing the
particular cause of the injury, must, it is true, state the

facts with reasonable certainty; but it would have been enough to have stated them in language much more general than is used in the present complaint. The case of *Huntington v. Burke,* 12 Ind. App. 133 (39 N. E. 170), relied upon by the appellant, seems to us not to be in point. True, stress is laid upon the fact that neither the size, character, nor extent of the hole, or broken place into which the plaintiff stepped were in any manner indicated; but the decision is rested upon the proposition that there were no allegations that the hole and broken place in the sidewalk, the defect which caused the accident, was the defect which the city had knowingly suffered to exist in the sidewalk. To quote from the opinion:

"If the defect, referred to as having existed for six months, was shown to be the 'hole and broken place' in the sidewalk, then appellant, under the circumstances alleged, would, perhaps, be liable for the injuries sustained by her, if without fault on her part; but, as we have seen, it is not alleged that the 'hole and broken place' which caused her injuries were the defects which were suffered knowingly by appellant to remain out of repair for six months prior to the accident. For aught that appears in the complaint, the 'hole and broken place' had not been in the sidewalk for any length of time prior to the accident, and the defects which were suffered knowingly by the appellant to remain out of repair prior to the accident were defects which had nothing to do with the injuries sustained by appellee. It is settled in this state that a complaint charging the defendant with an act injurious to the plaintiff, with a general allegation of negligence in the performance of the act, is sufficient to withstand a demurrer to the complaint for want of sufficient facts. In this case the complaint charges that the 'hole and broken place' was the cause of the appellee's injuries, but there is no allegation of negligence on the part of appellant in suffering the 'hole and broken place' to be in the sidewalk."

The complaint before us is more specific. It not only describes the condition of the walk at the place of the accident, and avers that the city had knowledge thereof, but avers that it was by reason of such condition that the injury occurred; clearly distinguishing the cases, even were we inclined to follow the cited case as authority.

In the complaint the injuries caused the plaintiff by the accident were described as follows:

"Dislocation and fracture of her right ankle; fracture of one bone, to-wit: the tibia in her right leg; dislocation of her right hip; shock and strain to and through her pelvis, spine, and back, which said shock and strain to and through her said pelvis, spine, and back was great and severe, in so much that they produced delirium, extreme physical pain, nervous paroxysms, continual physical suffering, cramps, partial paralysis of the bowels and legs, general prostration; and the said Hattie C. Durham, who then and there, at the time she fell through and upon said sidewalk as aforesaid, was and had been for about five months in a state of pregnancy and with child, by reason of her having so fallen and sustained the injuries aforesaid suffered and sustained an abortion and miscarriage of the said child, which said child was, about two days after the said Hattie C. Durham had fallen as aforesaid, born prematurely and dead; that by reason of the said Hattie C. Durham having so fallen and sustained the injuries aforesaid her bladder was so injured and affected and its function so impaired that she was, is, and will be forever unable and incapable of retaining her urine, but, as rapidly as urine is secreted therein it, by reason of said injury to her said bladder, involuntarily and without her control leaks and is discharged from her; that the said injuries so sustained by her to her hip, spine, nervous system, bowels and lower extremities, and to her bladder were and are of great injury and damage to her physical and mental health and well-being, and are, each and all of them, incurable and permanent."

In the claim made to the city council, which the charter of the city requires shall be presented within thirty days after the accident, the injuries received were described in this language:

"Dislocation and fracture of the right ankle; fracture of one bone in her right leg, dislocation of her hip, strain and shock through the pelvis and back; strain and shock to the spine, causing the said Hattie C. Durham, who was then and there, and had been for the period of six months in the state of pregnancy, to have a miscarriage, all of which was then and there, and is now, to her great injury, and damage to her physical and mental health."

On the trial of the cause the court permitted the respondent Mrs. Durham, and her physicians, over the objection of the appellant, to testify concerning certain urinal and bowel troubles from which she was suffering, and to testify that the same were caused by injuries received at the time of the accident. The appellant, while conceding that the complaint is sufficiently broad to permit the introduction of such testimony, contends that it was error to admit it, because the claim filed with the city council makes no mention of such troubles, and the city charter requires that the claim shall set forth the nature and extent of the injuries received. It is argued that as the purpose of the charter requirement is to enable the city authorities to investigate the claim, and to afford them an opportunity to settle it without subjecting the city to the expense of an action, it is necessary that a claimant set forth all of the facts upon which his claim is based; else the city authorities may be misled thereby, to the prejudice of the city. It is manifestly just, and seems to be the rule of the cases, that all of the known effects of the injury, upon which the claimant intends to rely for recovery, should be stated in the claim; where the statute or

charter requires the nature and extent of the injuries received to be stated. This does not mean, however, that the claim will be construed with technical strictness, or that a general statement of the injuries received will preclude proofs at the trial of the natural and proximate results of the injuries described. It would seem, therefore, that, were there no other reason for admitting proof of the urinary and bowel troubles, it would be admissible on the ground that they were the natural and proximate results of the physical injuries described. But the case presents another ground upon which the admissibility of this evidence may rest. It was shown by the testimony of the physician who waited upon the injured respondent that these troubles did not develop until after the time had expired within which a claim therefor could be presented to the city council. Manifestly, unless it is to be held that the city can by this form of enactment prevent a recovery against itself for personal injuries, it cannot, by requiring claims for injuries to be presented within a given time, prevent a recovery for troubles arising from such injuries which do not develop within the given time. But it is not the rule that a city may say whether or not it shall be held for personal injuries caused by its neglect of duty. Charter provisions of the character in question, whether enacted by the legislature, or, as in the present case, by the city itself, are to be upheld only so far as they are reasonable and tend to the due administration of justice. When such provisions so far depart from reasonableness as to

In the seventh paragraph of the complaint it was alleged that the respondents presented their duly verified claim for damages to the city council of the city of Spokane on a date named, setting out the same *in haec verba*. The answer admitted that the claim there described was filed with the city clerk; and denied each and every other al-

legation contained in the paragraph. The court ruled that
the answer was an admission of the presentation of the
claim to the city council, and that no further proofs thereof
were required. This is assigned as error. The plaintiff
contends that the answer admitted nothing more than that
a claim in the words of the copy was presented, and that
the answer amounted to a denial that the claim was pre-
sented in time, or was duly verified, or that the signatures
thereto were genuine. We do not think so. The admis-
sion that the claim described was presented, admitted
everything that went to the description of the claim. The
allegation that the claim was presented by the respondents,
that it was duly verified by them, that it was presented
on a date named, that it was in certain words and figures,
were all descriptive of the claim, and stood admitted by
the answer. To the objection that it was presented to the
city clerk, and not to the city council, it is a sufficient
answer to say that it was presented to the officer through
whom all claims against the city must be presented, and
was, in law, a sufficient compliance with the city charter.

The jury returned a verdict for plaintiffs in the sum of
$17,000. The trial court gave the respondents the option
of either submitting to a new trial, or remitting $5,000 of
the verdict. The respondents elected to remit, and judg-
ment was entered for $12,000. It is claimed that the
amount is still excessive and disproportionate to the in-
jury sustained. Competent physicians testified that Mrs.
Durham received the injuries set out in the complaint
which we have above outlined, and that their effect was to
permanently destroy her general health and leave her a
cripple for life. Against this there was no evidence what-
ever. In fact the appellant rested its case upon the testi-
mony of the respondents. Under the circumstances, we

think that, if the verdict was excessive in the first instance, it was sufficiently reduced by the trial judge.

While there are other assignments of error in the record, most of them are but other forms of the questions already discussed. Such of them as are not so have been examined and found not to be of sufficient merit as to warrant separate consideration.

The judgment is affirmed.

REAVIS, C. J., and HADLEY, WHITE, ANDERS, DUNBAR and MOUNT, JJ., concur.