[No. 7796.   Decided May 27, 1909.]

MINNIE HORTON, *Respondent*, v. THE CITY OF SEATTLE,
*Appellant*.[1]

MUNICIPAL CORPORATIONS—CLAIMS—DESCRIPTION OF DEFECT—SUF-
FICIENCY. A claim for damages sufficiently locates and describes the
defect, where it describes a hole in a certain street "lying in front
of the new ferry slip," and that plaintiff fell into a hole as she went
from the ferry slip to said street; since the hole previously described
is evidently intended.

SAME—CLAIM BY MARRIED WOMAN—HUSBAND AND WIFE. A claim
against a city for personal injuries to a married woman need not be
signed by the husband.

HUSBAND AND WIFE—PERSONAL INJURIES TO WIFE—RIGHT OF AC-
TION. A married woman living separate and apart from her hus-
band may maintain an action in her own name for personal injuries
sustained by her, under Bal. Code, § 4826, subd. 3.

MUNICIPAL CORPORATIONS — CLAIMS — DESCRIPTION OF INJURY.
Where a claim against a city for personal injuries makes no men-
tion of injury to her eyesight, although alleged in the complaint,
plaintiff cannot recover therefor, when the claim was filed 21 days
after the injury and she testifies that she knew her eyesight was
injured within five days after the accident.

SAME—DAMAGES—PLEADING—ISSUES — SURPRISE AND DENIAL OF
CONTINUANCE. Where the personal injuries alleged are the disloca-
tion of a hip joint, paralysis of the right leg, bruises over the lower
portion of the abdomen and severe shock to the nervous system, it
is error to admit evidence of excessive menstruation, and to deny
a continuance upon objection by the defense and claim of surprise.

MUNICIPAL CORPORATIONS—DEFECTIVE STREETS — EVIDENCE — ORDI-
NANCES—ADMISSIBILITY. In an action against a city for personal
injuries sustained in a fall through a hole in the street, it is proper
to admit portions of city ordinances showing that the place was a
public street; but it is error to allow portions thereof to be read
showing that railroad companies had agreed to keep the same in
repair and were liable over to the city, where the companies were
not parties to the action.

RUDKIN, C. J., DUNBAR, PARKER, and GOSE, JJ., dissent.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered June 16, 1908, upon the verdict

[1] Reported in 101 Pac. 1091.

of a jury rendered in favor of the plaintiff, in an action for
personal injuries.  Reversed.

*Scott Calhoun* and *James E. Bradford,* for appellant.

*Blaine, Tucker & Hyland* and *Robert C. Saunders,* for re-
spondent.

MOUNT, J.—Respondent brought this action to recover
for personal injuries alleged to have occurred by reason of
falling into a hole in a public street in West Seattle.  The
cause was tried to a court and jury, and resulted in a ver-
dict in favor of the plaintiff for $2,500.  The defendant
appeals from a judgment entered on the verdict.

Many errors are assigned which are not necessary to be
mentioned specifically.  We shall notice those only which ap-
pellant seems to rely upon, and which may arise upon a new
trial.  Appellant contends that the claim for damages, which
was filed with the city under § 29 of art. 4 of the city char-
ter, is insufficient, because (1) the claim does not accurately
locate and describe the defect which caused the injury, and
(2) because the evidence shows that the respondent was a
married woman, and the claim was verified and filed by her
without her husband joining therein.  The claim filed with
the city recites that:

"On the evening of the 11th day of November, 1907, at the
hour of about 6:30 or 7:15 o'clock, the night being very
dark, and that portion of Railroad avenue lying in front of
the new ferry slip was unlighted, and the trestle work in said
street at said point was open excepting for the ties of the
Northern Pacific Railway Company and the Seattle Electric
Company, and between its ties an opening was left and no
railings surrounded the said open place, and the same could
not be seen by any person, and the street had been in that
condition and had remained for more than six months, and
the same was known to the officials of the city," etc.;

that petitioner went from the new ferry slip "to the street
known as Railroad avenue in West Seattle, and without fault
on her part fell into an opening and fell a distance of ten

or twelve feet to the tide flats below." This claim locates the defect on Railroad avenue in front of the new ferry slip. It describes the hole there in the street. This was clearly sufficient, under the rule as stated in *Hammock v. Tacoma*, 40 Wash. 539, 82 Pac. 893, and *Mulligan v. Seattle*, 42 Wash. 264, 84 Pac. 721, where we held, in substance, that a reasonable compliance with the charter and a description sufficient to identify the place and enable one to find it is all that is required. It is true the respondent does not say definitely that she fell into the hole described, but she does say that she went from the new ferry slip to the street known as Railroad avenue, and fell into an opening. It is clear that she meant the same opening she had described above. The claim was therefore sufficient. Her evidence is definite upon that point.

It is next alleged that the claim is invalid because the respondent was a married woman and the claim was not signed by her husband. We held, in *Davis v. Seattle*, 37 Wash. 223, 79 Pac. 784, that a claim of this kind, filed by a married woman in her own name, was sufficient. The evidence in this case shows that the respondent is, and has been, living separate and apart from her husband. Under these conditions she was authorized, by subdivision 3 of Bal. Code. § 4826 (P. C. § 254), to maintain the action alone.

Appellant next urges that the court erred in excluding certain cross-examination of respondent's witnesses. A reading of the evidence convinces us that the court did not abuse its discretion in these matters. We deem it unnecessary to set out the facts or discuss these points more particularly.

The respondent was permitted to testify, in substance, over appellant's objections, that her eyesight was affected by the injury she received, and also that, after she recovered from the external effects of her injuries, she suffered, and still suffers, from excessive menstruation. She testified on cross-examination that she knew of the injury to her eyesight within five days after the accident. The appellant contends

that the court erred in submitting these elements of damages to the jury. This contention must be sustained. The claim filed with the city described the injuries of the respondent as follows:

"She was greatly bruised and injured and her whole right side was paralyzed and she suffered great pain under her kidney and right hip joint and she also suffered severe pains in her right leg."

The injuries as alleged in the complaint were described as follows:

"Plaintiff's right hip joint was dislocated, her right leg paralyzed; she was greatly bruised over the lower portion of her abdomen on the right side, and she received a severe shock to her nervous system, through which her eyesight has been impaired. She became unconscious from said fall, and remained so for a long space of time, and was obliged to take to her bed as aforesaid for a period of practically three weeks, during all of which time plaintiff suffered great mental pain and bodily anguish, and thereafter plaintiff was obliged to use crutches for a long space of time; that plaintiff's physical health has been greatly impaired, and she can do no heavy work whatever; that on account of such injury, plaintiff's right shoulder has become lower, and her whole body has become disfigured."

It will be noticed that the complaint in the paragraph above quoted alleges an impairment of the eyesight, but the claim filed with the city, upon which the action was based, makes no mention of this injury. The respondent testified that she knew, within five days after the accident, that her eyesight was injured. The claim was not filed with the city until twenty-one days after the accident. It is clear, therefore, that the respondent knew of this injury to her eyes some two weeks before she filed her claim, and she did not base any damage thereon. In *Durham v. Spokane*, 27 Wash. 615, 68 Pac. 383, in speaking to the question presented here, we said, at page 621:

"It is manifestly just, and seems to be the rule of the cases, that all of the known effects of the injury, upon which

the claimant intends to rely for recovery, should be stated in the claim, where the statute or charter requires the nature and extent of the injuries received to be stated. This does not mean, however, that the claim will be construed with technical strictness, or that a general statement of the injuries received will preclude proofs at the trial of the natural and proximate results of the injuries described."

It is certainly not an unreasonable requirement that a known injury of this character shall be stated in the claim, and, if not so stated, no recovery can be based thereon. The trial court, therefore, erred in submitting this element of damage to the jury.

Neither the claim filed nor the complaint alleged excessive menstruation as an element of damages, but the court, over the objection of the appellant, permitted evidence to go to the jury upon that point. If we concede that excessive menstruation may be a natural and proximate result of the general injuries alleged, and if we concede further that the complaint might have been amended at the trial so as to embrace that element, yet where the defense was taken by surprise when evidence to that effect was offered in the absence of any allegation of the kind in the complaint, and when a continuance is asked in order to meet such new issue, as was the case here, we think the court should either have rejected the evidence or continued the case for a reasonable time at the request of the appellant, in order that it might be prepared to meet the new issue.

Certain city ordinances granting railroad franchises were introduced in evidence, and parts thereof were read, over the objection of appellant. These ordinances were offered ostensibly for the purpose of showing that the hole into which respondent fell was in a public street. Parts thereof were properly admitted for that purpose. But certain sections were to the effect that the railroad companies were required by the ordinances to keep the streets in repair, and that such railroads were liable to the city for injuries on account of defects in the street made by such railway companies. The

fact that the railroad companies were liable was clearly im-
material to this case. The city was the only party defend-
ant. The railroad companies were not parties to the action.
The admission of sections referred to was clearly erroneous.
*Westby v. Washington Brick etc. Mfg. Co.*, 40 Wash. 289,
82 Pac. 271.

We find no error in the other assignments, but on ac-
count of the errors above discussed, the judgment must be re-
versed and a new trial ordered.

CROW, CHADWICK, FULLERTON, and MORRIS, JJ., concur.

RUDKIN, C. J., DUNBAR, PARKER, and GOSE, JJ., dissent.