[No. 9434. Department Two. June 27, 1911.]

## MARTHA OWEN, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

MUNICIPAL CORPORATIONS—NEGLIGENCE—PLEADING—DESCRIPTION OF INJURIES—AMENDMENT—ISSUES AND PROOF. A complaint for personal injuries alleging a severe contusion of the leg, hip, and side, causing severe nervous shock and constant confinement in bed, may properly be amended at the trial to state that the injuries were permanent, and admits of evidence of a condition of extreme nervousness, a twitching of the muscles and palsy of the head, as the natural or probable consequences of the injury.

SAME—DEFECT IN SIDEWALKS—NOTICE OF DEFECT—INSTRUCTIONS. In an action against a city for injuries sustained on a defective sidewalk, after instructing the jury as to the law of actual and constructive notice of the defect, it is misleading to state that there is a third kind of notice where the city itself is doing the work which causes the defect.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. In an action against a city for injuries sustained through a defective sidewalk, error in instructions as to the city's actual notice of the defect is not prejudicial, where there was ample evidence of constructive notice to sustain the verdict.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $2,500 for personal injuries will not be held excessive, where the plaintiff received a severe contusion on her leg, hip, and side, had been confined to her bed ever since, and there was evidence warranting the jury in finding permanent injury from nervous shock.

Appeal from a judgment of the superior court for King county, Gay, J., entered September 29, 1910, upon the verdict of a jury rendered in favor of the plaintiff, for $2,500, in an action for personal injuries sustained by a pedestrian through a defective sidewalk. Affirmed.

*Scott Calhoun* and *Stephen V. Carey*, for appellant.

*Albert D. Martin* and *Walter A. Keene*, for respondent.

[1]Reported in 116 Pac. 261.

CHADWICK, J.—Plaintiff fell upon a defective sidewalk in the city of Seattle, and from a judgment in her favor, the city has appealed.

Within the statutory time—thirty days—she filed a claim notice with the council, in which she described her injuries, claiming that by reason thereof she was, and ever since has been, confined to her bed.   Her claim being rejected, she brought this action, alleging "that the injuries received by claimant consist in this, to wit: Her left ankle and foot were badly sprained and bruised.   She received a severe contusion of her right leg, hip and side.   Said fall also caused her to be sick, sore, lame and disordered, gave her a severe nervous shock and caused her to have nervous chills and vomiting and to suffer great bodily pain and mental anguish, and caused her to be, and she has ever since been, confined to her bed."   On the trial, testimony tending to show that her injuries were permanent was offered and received over the objection of the defendant, the court allowing the complaint to be amended by adding the words: "that plaintiff's said injuries are of a permanent nature."   Thereafter defendant's counsel said:

"In view of the fact that the plaintiff is now claiming permanent injury where none is charged in the claim or complaint, and the court is going to permit proof of it, I now move that the court appoint a commission to make an examination of this subject.   We have had no notice of course of any claim of permanent injury and had supposed that an examination at this time would not be of any value, but they are claiming permanent injury.   We desire an examination."

Two physicians were accordingly appointed by the court to make a physical examination of plaintiff, and were thereafter called as witnesses for the city.   No continuance was asked.

It is insisted that this case falls within the rule of *Horton v. Seattle*, 53 Wash. 316, 101 Pac. 1091.   There the claimant undertook to recover for a specific injury to her eyes, which

she admitted she knew of at the time her claim was filed with the city, and as we there say:

"It is clear, therefore, that the respondent knew of this injury to her eyes some two weeks before she filed her claim, and she did not base any damage thereon."

Here the statements of the claim and the complaint, as amended if not before, were broad enough to cover the natural or probable consequences of the injury. The case falls rather within the rule of *Durham v. Spokane,* 27 Wash. 615, 68 Pac. 383, where it was held that a claim will not be construed with technical strictness, or a general statement of the injuries received preclude proof at the trial of the natural and probable results of the injuries. See, also, *Falldin v. Seattle,* 57 Wash. 307, 106 Pac. 914; *Pierce v. Spokane,* 59 Wash. 615, 110 Pac. 537. Plaintiff's permanent injuries are shown to be a condition of extreme nervousness, a twitching of the muscles, and a palsy of the head following the injury, her health having been good prior to the accident. The distinction between the *Horton* case and this one is pointed out in the *Horton* case, where the reception of the evidence tending to show the consequential injury or symptom was held to be error because it came as a surprise, and a continuance had been refused.

It is next contended that the court erred in this: After defining actual and constructive notice, the court said:

"However, there is another kind of notice, and that is notice of this character: Where the city itself through its own agents and employees are doing work in the prosecution of the work of the city, the sidewalk is torn up by those workmen or displaced, then it becomes their duty to immediately put it back in a reasonably safe condition, and a failure of them so to do, to put it back in a reasonably safe condition, and an accident occurring through that fault and without any contributory negligence on the part of the pedestrian, would render the city liable for that failure to do those things that reasonable caution and prudence would require."

Defendant had requested the following instruction:

"You are instructed that the city is not charged with notice of a defect merely by reason of the fact that some subordinate employee of one of the city departments, having no supervision of the streets, may have known of it."

We think the requested instruction states the law, and it should have been given. *Cole v. Seattle, ante* p. 1, 116 Pac. 257. The instruction given is bad for several reasons. There are but two kinds of notices—actual and constructive, and a reference to a "third kind of notice" might have a tendency to mislead the jury. The only meaning we can give to the instruction is that the court was endeavoring to more elaborately define actual notice. The instructions were given orally, and as is too often the case, inapt and ill-considered expressions, tending to inaccuracy, creep in. There is ample evidence to sustain the theory of the plaintiff that the defect had existed for a sufficient length of time to imply a notice to the city; and as actual notice is not necessary, we will presume in aid of the verdict that the jury found that the city had constructive notice. The instruction complained of does not go to the primary right of recovery, but rather to a condition which might bar the right of recovery. No new general issue is injected into the case. Therefore, there being evidence of notice to which the verdict may attach, it will be allowed to stand.

Finally, it is contended that the verdict is excessive and against the evidence. The writer of this opinion has no hesitation in saying that this is a doubtful case, and if sitting as a juror he would hold that it was not shown, considering all the evidence, that plaintiff's present condition is due to the physical injury which she sustained. But the jury have believed her and her witnesses, and we must confess that they were in a better position to weigh the evidence than we are; and believing her, there was sufficient evidence to sustain, not only the general verdict, but the amount of the recovery.

Judgment affirmed.

DUNBAR, C. J., CROW, MORRIS, and ELLIS, JJ., concur.