[No. 10023.   Department Two.   May 7, 1912.]

H. E. JAMES *et al.*, *Respondents*, v. THE CITY OF SEATTLE, *Appellant.*[1]

MUNICIPAL CORPORATIONS—STREETS—DEFECTIVE SIDEWALKS — EVIDENCE—ADMISSIBILITY. In an action for injuries to one stepping on a loose plank, laid across a muddy alley for the use of foot passengers, evidence that a city street sweeper had occasionally swept the plank is competent as tending to show that the city had recognized it as part of the street, on the question of its liability to keep the same in repair.

MUNICIPAL CORPORATIONS—CLAIMS—VERIFICATION — HUSBAND AND WIFE. A claim by a husband and wife for personal injuries to the wife, required to be sworn to by the "claimant," may be sworn to by either, the wife being a proper party under Rem. & Bal. Code, § 182, and therefore a claimant.

[1]Reported in 123 Pac. 472.

MUNICIPAL CORPORATIONS—STREETS—DEFECTS—CONTRIBUTORY NEG-
LIGENCE—QUESTION FOR JURY. The contributory negligence of plain-
tiff in stepping on a loose plank without giving any particular heed
to it is for the jury, where she and others had constantly used it
for many months and it was not known to be particularly dangerous.

SAME—NEGLIGENCE—QUESTION FOR JURY. Whether the city exer-
cised ordinary care in suffering the use of a loose plank across an
alley is for the jury, although the street was ungraded, where it
appears that several hundred people passed over it daily and there
were several business houses in the opposite block.

Appeal from a judgment of the superior court for King
county, Ronald, J., entered April 26, 1911, upon the verdict
of a jury rendered in favor of the plaintiff, in an action for
personal injuries sustained through a defective crossing. Af-
firmed.

*James E. Bradford* and *C. B. White*, for appellant.
*Reynolds, Ballinger & Hutson*, for respondents.

FULLERTON, J.—Virginia street, in the city of Seattle, for
some distance westerly from its junction with Westlake ave-
nue, is unimproved. At one time, a sidewalk was constructed
along the north side of the street, but this had been suffered
to become broken and decayed, and was entirely destroyed
where it passed in front of the alleyway running north and
south through the block lying on the north side of the street
between Sixth and Seventh avenues. The alleyway was much
used by teamsters and became soft and muddy at times during
the wet season of the year. To enable foot passengers to
cross over it when in that condition, a long plank was laid
across it. This plank was not fastened in any manner, and
was probably left in that condition so that it might be more
readily laid to one side by teamsters who desired to pass
into the alley.

The respondent, Annie James, undertook to pass over the
plank on the evening of March 1, 1910. As she stepped upon
the plank, it turned under her foot, causing her to fall back-
wards down a short flight of steps forming a part of the

walk leading up to the alleyway. She was injured by the fall and recovered against the city therefor in the court below. The city has appealed.

The court permitted a witness to testify, over the objection of the appellant, that a street sweeper employed by the city had occasionally brushed mud and dirt off the plank from which the respondent received her fall. It is argued that this evidence was introduced for the purpose of proving that the city recognized this loose plank as a part of the walk, and an obligation on its part to keep the same in repair; that such proofs were not competent for that purpose, as a mere employee of the city has no authority to bind the city by his acts. But the reason assigned is not sufficient to exclude the evidence. An employee of a city, like the employee of an individual person or a private corporation, is presumed to act within the instructions of the persons employing him. Hence, if a street sweeper assumes to sweep certain streets, it will be presumed, in the absence of a contrary showing, that he is acting under the direction of his employer. His acts, therefore, are some evidence that his employer had assumed jurisdiction over the swept streets, and recognized them as a part of the public highways within its jurisdiction. The evidence may not be very persuasive of the fact, but its competency does not depend upon its persuasive force. The city had raised an issue on the question of its liability to keep this particular street and sidewalk in reasonable repair, and this evidence was competent on that question.

The section of the charter of the city of Seattle requiring claims against the city to be presented to the city council provides that all claims for damages "shall be sworn to by the claimant." The claim presented in the present case, although made in the name of both of the respondents, was sworn to by the respondent Annie James. It is contended that this is insufficient; that the claim should be sworn to by both of them, or by the husband, who it is said is the real

claimant.   The contention is based on the case of *Hawkins v. Front Street Cable R. Co.*, 3 Wash. 592, 28 Pac. 1021, 28 Am. St. 72, 16 L. R. A. 808, where we held that the husband was a necessary party plaintiff in an action brought to recover for personal injuries to the wife.   But the rule there announced does not necessarily require us to hold that the husband alone can verify a claim for such an injury where presentation of a verified claim is made a prerequisite to an action to enforce the same.   By statute the wife is also a proper party to such an action.   Rem. & Bal. Code, § 182. Being a proper party, she is also a claimant; and since the charter does not require all the claimants to join in a claim, or specify which claimant shall verify the claim where there is more than one such claimant, it would seem to follow that both or either might properly verify it; and such has heretofore been the ruling of this court.   *McLeod v. Spokane*, 26 Wash. 346, 67 Pac. 74; *Davis v. Seattle*, 37 Wash. 223, 79 Pac. 784; *Horton v. Seattle*, 53 Wash. 316, 101 Pac. 1091.

The last assignment is that the court erred in overruling the appellant's challenge to the sufficiency of the evidence. Under this assignment, the appellant makes two contentions: first, that the respondent Annie James was guilty of contributory negligence; and second, that in no event can the city be liable for her injury because the plank on which she was injured was not one over which the city had assumed control or had put down for the use of the public.

To support the first branch of its contention, the city quotes largely from the testimony of Mrs. James, contending that her answer to the questions propounded to her show that she did not exercise ordinary care when attempting to pass over the plank.   In her cross-examination, the witness made answers that might, if they stood alone, convict her of negligence, but her answers as a whole, we think, made a case for the jury.   It is shown that she gave the

plank no particular heed when she stepped upon it at the time of the accident, but it must be remembered that she had passed over it safely from two to four times a day for many months, and had passed over it the last time but a few minutes before the accident, that she used it in common with many other people, and it was not known or thought to be particularly dangerous.

The contention that the city is not liable in any event is based on the fact that the city had never graded or otherwise attempted to improve this particular street, and had had no part in providing the plank. But the city is bound to see that its streets are kept in reasonable repair, whether it grades them or not. What is reasonable repair of course varies with the circumstances, but the evidence shows that this was a much used street; that several hundred people passed over it daily; and that in the block facing the street on which the accident happened is a drugstore, a church, and three or more substantial dwelling houses. In the light of these facts, the question whether the city had exercised ordinary diligence in caring for this particular way was for the jury.

The judgment is affirmed.

DUNBAR, C. J., ELLIS, and MOUNT, JJ., concur.