[No. 28516.   Department One.   December 31, 1941.]

VIRGIL SIMMONS *et al., Appellants,* v. COWLITZ COUNTY, *Respondent.*[1]

[1]Reported in 120 P. (2d) 479.

Cushing & Jones (Vergeer & Samuels, of counsel), for appellants.

H. Jerard Imus and Joe L. Johnson, for respondent.

MILLARD, J.—The afternoon of June 5, 1940, plaintiffs were proceeding northerly in their automobile, which was operated by plaintiff husband, on Kalama river road in Cowlitz county. The course of that road, which is approximately fourteen feet wide at the place of the accident, is northerly and southerly along the Kalama river between Pigeon Springs and Kalama. Underbrush was growing along the outside edge of this road, which was cut through a rocky embankment more than thirty feet above the level of the river. The road was graded to the outside edge and had the appearance of firmness which would make it safe for travel thereon. While it had been constructed many years prior to the date of the accident, the road had not been improved other than by placing gravel thereon and grading it. Loose rocks and gravel had accumulated along the outside edge of the road, which for a width of eighteen inches to two feet was soft and did not have a sufficiently substantial foundation to support vehicular traffic over that portion of the highway. On the inside of the road, at the scene of the accident, a crevice

was cut into the road bank for use as a turnout for southbound vehicles.

As plaintiffs, who were proceeding northerly at the rate of seven or eight miles an hour, neared this place, they noticed a southbound automobile which had entered the crevice to permit northbound vehicles to pass. Plaintiffs followed a northbound dual-wheeled tie truck, which passed the automobile parked in the crevice. Their automobile, while passing and parallel with the parked automobile, as a result of the collapse of eighteen inches to two feet in width of the outer edge of the road, rolled down the embankment into the Kalama river. The automobile was rendered valueless, and plaintiff wife was seriously injured.

On the ground that the proximate cause of the property damage and personal injuries sustained by them was defendant county's negligence in failing to place warning signs or barriers at the place where the accident occurred, plaintiffs brought this action to recover therefor. The trial of the cause to the court and a jury resulted in verdict of one thousand dollars against the defendant. Motion for judgment notwithstanding the verdict was granted. The order granting that motion denied defendant's motion for a new trial. Plaintiffs appealed.

The only error assigned is the granting of the judgment notwithstanding the verdict. It is respondent's position that, as there was no evidence from which it can reasonably be inferred that respondent was negligent in the construction or maintenance of Kalama river road, and as appellants' contributory negligence in driving too close to the edge of the highway over which they had frequently traveled and as to the condition of which they had knowledge bars recovery as a matter of law, the trial court correctly granted the motion for judgment notwithstanding the verdict.

■ We have uniformly held that a motion for judgment notwithstanding the verdict should not be granted unless the court can say, as a matter of law, that there is neither evidence nor reasonable inference from the evidence to justify the verdict.

■ All competent evidence in the record which is favorable to the appellants we must regard as true and must give to them the benefit of every favorable inference which may reasonably be drawn from such evidence. Where the minds of reasonable men may differ, the question should be submitted to the jury. If, when so considered, we find there is substantial evidence to sustain the verdict, the judgment thereon must be affirmed. *Boyd v. Cole,* 189 Wash. 81, 63 P. (2d) 931; *Perren v. Press,* 196 Wash. 14, 81 P. (2d) 867.

There was substantial evidence to warrant the jury in finding primary negligence on the part of respondent, and the question of appellants' contributory negligence was one of fact for the jury. The facts established by the verdict are summarized as follows:

The fourteen-foot Kalama river county road at the place where the accident occurred was graded to the outside edge and to the point where vines and underbrush were growing above the edge of the highway. When appellants proceeded over this portion of the road, it presented an appearance of smoothness and firmness. By that appearance, travelers were assured, in the absence of warning signs or barriers, that it was not perilous to use that portion of the road. Respondent county did not warn the traveling public by signs or barriers of the dangerous condition it permitted to develop and of which it had knowledge. Appellants were proceeding in the traveled portion of the road at the time a portion of the road collapsed, which portion was, and by the county engineer was regarded as, a part of the road.

■ The shoulder or that portion of the highway which collapsed was improved in the same manner as the other portion of the highway. That improved portion of this road which was adjacent to the edge of the road, the shoulder of the road or highway as it is called, was as much a part of this road or highway as any part of the road. *Barach v. Island Empire Tel. & Tel. Co.*, 151 Wash. 279, 275 Pac. 713; *Duggins v. International Motor Transit Co.*, 153 Wash. 549, 280 Pac. 50.

Appellants could lawfully use any portion of Kalama river road and the graveled portion of the shoulder adjacent to the edge of that road as well as the other portion; in fact, by its improvement in the same manner as the other portion of the road was improved, the county invited its use by the traveling public.

■ Recovery may be had against a county for injury to the rights "of the plaintiff arising from some act or omission of such county . . . " Rem. Rev. Stat., § 951 [P. C. § 8394]. Under the provisions of Laws of 1937, chapter 187 (Rem. Rev. Stat., Vol. 7A, § 6450-1 [P. C. § 2697-421] *et seq.*), counties are authorized to perform all acts necessary and proper for the construction and maintenance of county roads. The effect of the statutes cited, when considered together, is to subject counties to the same liability for negligence in the maintenance of their county roads and highways as would in a similar case be imposed on a conventional municipal corporation. *Berglund v. Spokane County*, 4 Wn. (2d) 309, 103 P. (2d) 355.

It is the rule in this state that there is a positive and continuous duty upon the part of a municipal corporation having control of streets and public ways to use reasonable care at all times to keep the streets safe for the public. *Boggess v. King County*, 150 Wash. 578, 274 Pac. 188.

"Ordinary or reasonable care required by the rule is, as frequently expressed, that care which an ordi-

narily reasonable person would exercise under the same or similar circumstances. Inherent in this definition is the principle that the care required in a given instance must be commensurate with the risk of harm, or danger, to which others might be exposed by one's conduct. Hence, the determination of whether or not a municipality has exercised reasonable care in the performance of its duty to maintain its public ways in a reasonably safe condition, must in each case necessarily depend upon the surrounding circumstances. *James v. Seattle,* 68 Wash. 359, 123 Pac. 472; *Lewis v. Spokane,* 124 Wash. 684, 215 Pac. 36; *Ferguson v. Yakima,* 139 Wash. 216, 246 Pac. 287, 48 A. L. R. 431; 43 C. J. 1002, § 1786." *Berglund v. Spokane County,* 4 Wn. (2d) 309, 103 P. (2d) 355.

In *Neel v. King County,* 53 Wash. 490, 102 Pac. 396, we cited with approval *Saltmarsh v. Bow,* 56 N. H. 428, where it was held that, if a town suffers the traveled part of a highway to become widened so as to hold out to the traveler that the whole width is equally suitable for the public travel, it is answerable for damages growing out of defects in the part so widened. We said: "and, in fact, we think this is almost the universal authority when the cases cited are properly analyzed."

In *Neel v. King County, supra,* attention was directed to the rule that a municipality was under no obligation to put up barriers simply to prevent travelers straying from the highway. However, we held that, if there is a dangerous place in the highway or the traveled part thereof is unsafe for travelers in the absence of a railing or barrier, the want of such railing or barrier constitutes a defect in the highway for injury from which the municipality is liable. The facts do not bring the case at bar within the qualification of the rule that the danger which requires a barrier must be of an unusual character.

Under the evidence, the jury was justified in

finding that respondent failed to keep the road in a reasonably safe condition for travel in view of the fact that this mountain road ran along a river; that there was a precipitous decline dropping almost directly down from the edge of the road for approximately thirty feet; that the outside two feet of the road was soft and insecure but its appearance was such as to invite its use, and no warning sign had been erected to advise the public of the danger of traveling over the outside two feet of the road.

A question of fact was made for the jury as to whether the county was negligent. In *Einseidler v. Whitman County*, 22 Wash. 388, 60 Pac. 1122, under a comparable state of facts, we held that it was correctly left to the jury to determine to what degree the absence of barriers was an element contributing to the accident. In *White v. Livingston County*, 229 Mich. 153, 200 N. W. 973, it was held that, where there was evidence that the traveled portion of the highway was twenty-four feet in width, that the middle of the road was reasonably safe for travel, and that the slope of the embankment at the place of the accident was from six to eight feet, the necessity for guard rails or danger signals is a question of fact for the jury.

The cases respecting the duty to provide barriers or warning signs for protection of automobile travel are collected in the annotations in 27 A. L. R. 937, 36 A. L. R. 413, and 86 A. L. R. 1389. The weight of authority is to the effect that it is the duty of municipal corporations having control of streets and highways to use reasonable care at all times in keeping the streets and highways safe for the public, and where the maintenance of barriers, guard rails, or warning signs is reasonably necessary to the safety of the street or highway, the municipal corporation is liable for injuries sustained as a result of breach of that duty.

■ The mere fact that appellants frequently traveled over Kalama river road is not *per se* conclusive that appellants were aware of the soft and unsafe condition of the outer portion of the road at the time the accident occurred, therefore in traveling over that portion of the road they were guilty of contributory negligence, as a matter of law, which bars recovery by them against respondent county. The question of contributory negligence was for the jury to determine from all the facts and circumstances of the case. It is only in rare cases—the case at bar is not such a rare case—that the trial court is justified in withdrawing the question of contributory negligence from the jury. 1 Thompson, Law of Negligence, §§ 425, 433.

■ Counsel for respondent urge, in the event of reversal of the judgment, consideration of the question of its right to a new trial on the ground of certain prejudicially erroneous instructions. In the absence of a cross-appeal, we may not review the question suggested. We have, however, examined all of the instructions, which must be considered as a whole, and find that, so considered, they properly presented the issues and fairly stated the law.

The judgment is reversed, and the cause remanded with directions to the trial court to enter judgment on the verdict.

ROBINSON, C. J., STEINERT, MAIN, and DRIVER, JJ., concur.