JOHNSON v. CITY OF TROY.

(Supreme Court, Appellate Division, Third Department. January 12, 1898.)

1. MUNICIPAL CORPORATIONS—ACTIONS FOR DAMAGES—NOTICE.

Laws 1892, c. 670, tit. 10, § 19 (being the charter of the city of Troy), provides that no civil action shall be maintained against said city for damages for injury to persons or property unless the plaintiff shall have previously presented to the comptroller a statement showing, among other things, his residence by street and number. Held, where plaintiff's house was not numbered, the name of the street should have been given, and a failure to do so was fatal to the action.

2. SAME.

That which the legislature has declared by statute to be a prerequisite to the commencement of an action cannot be said by a court to be unimportant.

Appeal from special term.

Action by James Johnson against the city of Troy. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Van Santvoord & Wellington (G. B. Wellington, of counsel), for appellant.

William J. Roche, for respondent.

HERRICK, J. By section 19 of title 10 of chapter 670 of the Laws of 1892 (being the charter of the city of Troy) it is provided that no civil action shall be maintained against the city of Troy for damages for injury to person or property, unless the plaintiff shall have previously presented to the comptroller a statement "stating, among other things, the residence by street and number of the claimant." The statement presented to the comptroller in this case merely

gave the residence of the claimant as being in the city of Troy, stating neither the street nor number of the street where the claimant resided. It appears that the plaintiff resided upon a lot which runs from Hill street to Fifth street in the city of Troy. There was a dwelling house upon the Hill street end of such lot, and another upon the Fifth-street end; the latter building being built diagonally to the street, one corner of such building reaching to, or very nearly to, the street line on Fifth street. Entrance to this latter building, where the plaintiff resided, can be had from Fifth street or from Hill street, passing over nearly the length of such lot, until the building is reached. The building on the Hill street end of the lot appears to have been numbered; that on the Fifth street end of the lot appears not to have been numbered; and, it not being numbered, it is contended that the plaintiff was relieved from complying with that portion of the statute which I have quoted.

It may be assumed that no law requires the performance of an impossibility, and that, where no number exists, none can be stated. But the fact that it is impossible to comply with one requirement of a statute does not relieve one from complying with another portion that can be. Here, while we assume that it was a physical impossibility to state the street number, because there was no number, yet the street itself could have been stated. That which the legislature has declared by statute to be a prerequisite to the commencement of an action the court cannot say is unimportant and may be disregarded. It has been repeatedly held that one of the purposes of statutes of this kind is to apprise the municipality at an early date of the existence of a claim, in order that they may have an opportunity to investigate it. It is frequently just as important to investigate the claimant as it is the claim. Notice of who he is, and where he can be found, may be of just as much importance as notice of where, how, and when the injury occurred. The statute in this case should have been complied with, at least to the extent to which it was possible to meet its requirements. It has not been. The question of waiver of the sufficiency of the statement by the municipal officers, as well as some others that have been presented to us in this case, have been discussed in the case of Borst v. Town of Sharon, 48 N. Y. Supp. 996, and it is needless to repeat that discussion here.

The judgment and order appealed from should be affirmed, with costs. All concur.