[No. 7273. Decided October 15, 1908.]

JOHN A. FALLDIN et al., Appellants, v. THE CITY OF
SEATTLE, Respondent.[1]

MUNICIPAL CORPORATIONS—NOTICE OF CLAIM—DEFECTIVE SIDEWALK
—DESCRIPTION OF DEFECT—SUFFICIENCY. A claim against a city rea-
sonably notifies the city of the nature of the defect and is therefore
sufficient where it avers that the plaintiff, while passing along the
sidewalk at the northwest corner of a specified street crossing, fell
through said sidewalk into a hole thereunder, the walk at such place
having been for a long time in a defective condition.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered February 10, 1908, upon sustain-
ing a demurrer to the complaint, dismissing an action for
personal injuries. Reversed.

*Douglas, Lane & Douglas*, for appellants.
*Scott Calhoun* and *James E. Bradford*, for respondent.

DUNBAR, J.—This is an action for personal injuries. The
complaint alleges the injury of the plaintiff Alma C. Falldin,
by reason of falling through a sidewalk, which it alleged to
be in a defective and neglected condition. The court held
that the notice which was required to be given to the city did
not sufficiently describe the defect in the sidewalk, and a
demurrer was sustained to the complaint on the ground that
it did not state facts sufficient to constitute a cause of action.
Judgment of dismissal was entered, and appeal from such
followed.

The claim, omitting the formal parts, reads:

"On the evening of September 21, 1907, at about eight
o'clock p. m., the undersigned, Alma C. Falldin, while passing
along the sidewalk at the northwest corner of 28th avenue
and East Union Street, in the city of Seattle, and in all things
exercising due care on her part, fell through said sidewalk,

[1]Reported in 97 Pac. 658.

36—50 WASH.

owing to its defective condition, into a hole thereunder about seven or eight feet deep, and sustained severe and painful injuries; that the sidewalk at the place above named had been for a long period of time in a defective condition and such defective condition was known to the city."

This court has uniformly held that requirements of this kind must be reasonable, and that a reasonable compliance with such requirements was all that could be demanded; that the object of the notice was notice and nothing else; and that, when the city was reasonably notified of the place and the defect in the walk, such requirements were reasonably met. It is not necessary to review the cases. They all breathe this sentiment. Does this notice meet this requirement? We think it does, and that the respondent's contention that the notice only attempts to describe the hole under the sidewalk, and not the defect in the sidewalk itself, is too technical to meet the liberal spirit of our code in regard to pleadings; and no more technical rule should be applied to notices of this kind than to any other pleading. Hence, if a person of common understanding can tell from the notice what it meant, that is sufficient. Can it be presumed that the officers of the city, who must presumably have common understanding, did not understand from this notice that there was a defect in the sidewalk, and did not have their attention directed to such defect as well as to the hole under the walk? If from the notice it could possibly have been concluded, or even surmised, that the woman crawled under the sidewalk and fell into the hole, there might be some room for the contention that the defect in the sidewalk was not described. But when the notice says that, by reason of the defective condition of the sidewalk, she fell through said sidewalk into the hole beneath, it is difficult to comprehend how a person of common understanding could fail to conclude that there must have been an aperture or opening of some kind in the sidewalk large enough to allow her body to pass through it into the hole below; and if this be true, certainly a very palpable defect in the sidewalk

itself was pointed out. We think the city was reasonably notified of the defect in the sidewalk, and that the court erred in sustaining a demurrer to the complaint.

The judgment will be reversed, with instructions to overrule the demurrer to the complaint.

Hadley, C. J., Rudkin, Crow, Fullerton, Mount, and Root, JJ., concur.