[No. 7478.　Decided December 8, 1908.]

ELIZABETH HASE, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

MUNICIPAL CORPORATIONS—ACTIONS—CLAIMS—AS CONDITION PRE-
CEDENT—REASONABLENESS OF REQUIREMENTS—STATEMENT OF CLAIM-
ANT'S RESIDENCE. It is an unreasonable requirement that a claimant for damages against a city shall state his residence for one year last past in a claim to be filed with the city, as a condition precedent to action against the city, and hence one that the city has no power to enforce by ordinance (MOUNT and FULLERTON, JJ., dissenting).

SAME—CLAIM—DESCRIPTION OF DEFECT—SUFFICIENCY. A claim for damages against a city for personal injuries sufficiently describes the nature of the defect when it alleges that the injury was caused by the claimant's "falling through a defective sidewalk," under the rule requiring claims to be as liberally construed as a pleading.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 18, 1908, upon the verdict of a jury rendered in favor of the defendant by direction of the court, in an action for personal injuries sustained by reason of a defective sidewalk. Reversed.

*Shorett & Shorett*, for appellant.

*Scott Calhoun* and *James E. Bradford*, for respondent, contended that this court has no right or power to nullify legal charter provisions under the guise of liberal construction, as long as the same are constitutional. 26 Am. & Eng. Ency. Law (2d ed.), p. 569, 597-600 ; 17 Am. & Eng. Ency.

[1] Reported in 98 Pac. 370.

Law (2d ed.), pp. 2-4; *Scurry v. Seattle*, 8 Wash. 278, 36
Pac. 145; *Mears v. Spokane*, 22 Wash. 323, 60 Pac. 1127;
*Born v. Spokane*, 27 Wash. 719, 68 Pac. 386; *Postel v. Seattle*, 41 Wash. 432, 83 Pac. 1025; *Johnson v. Troy*, 48 N. Y.
Supp. 998; *Board of Trade v. Hayden*, 4 Wash. 263, 30
Pac. 87, 32 Pac. 224, 31 Am. St. 919, 16 L. R. A. 530;
*State v. Carey*, 4 Wash. 424, 30 Pac. 729; *Point Roberts
Fishing Co. v. George & Barker Co.*, 28 Wash. 200, 68 Pac.
438; *State v. Sharpless*, 31 Wash. 191, 71 Pac. 737, 96
Am. St. 893; *Spokane and Eastern Trust Co. v. Lavigne*, 14
Wash. 681, 45 Pac. 664; *Gardner v. New London*, 63 Conn.
267, 28 Atl. 42. The claim to the city failed to describe the
defect that caused the injury. *Mears v. Spokane, supra;
Van Loan v. Village of Lake Mills*, 88 Wis. 430, 60 N. W.
710; *Lord v. City of Saco*, 87 Maine 231, 32 Atl. 887; *Noonan v. Lawrence*, 130 Mass. 161; *Miles v. Lynn*, 130 Mass.
398; *Gardner v. New London, supra; Beisiegel v. Seymour*,
58 Conn. 43, 19 Atl. 372; *Lilly v. Woodstock*, 59 Conn. 219,
22 Atl. 40; *Dolan v. Milwaukee*, 89 Wis. 497, 61 N. W. 564;
*Paddock v. Syracuse*, 15 N. Y. Supp. 387; *Madden v. Springfield*, 131 Mass. 441; *Dalton v. Salem*, 131 Mass. 551; *Shea
v. Lowell*, 132 Mass. 187; *Cronin v. Boston*, 135 Mass. 110;
*Lyon v. Cambridge*, 136 Mass. 419. The residence of claimant should have been stated in the claim. *State v. Smith*, 47
Ore. 485, 83 Pac. 865; *Johnson v. Troy*, 48 N. Y. Supp. 998;
*Borst v. Sharon*, 48 N. Y. Supp. 996.

DUNBAR, J.—The appellant brought an action against
the city of Seattle for damages resulting from personal injuries. A claim for damages for said injury was filed with the
city clerk of said corporation, and later a suit brought thereon.
At the trial the claim provided for by ordinance was offered
in evidence, and objection was made to its introduction, which
was sustained by the court. The court directed the jury to
return a verdict in favor of the city, which was done. Judgment of dismissal was entered, and appeal followed. So that

the only question in the case is whether the claim presented by the appellant to the city council was sufficient.

The principal objection urged to the claim, and the one on which the court rejected it, is that the claimant did not state her residence for the past year, and this alleged defect was the cause alleged by the city for refusing the claim. It is also insisted that the notice was not sufficient in that it did not clearly set forth the defect in the sidewalk which was the alleged cause of the accident. The claim presented was as follows:

"To the city council of the city of Seattle:

"The undersigned Elizabeth Hase hereby presents to the said city council her claim for damages against the city of Seattle, a municipal corporation of the state of Washington, in the sum of $10,000, which said claim is hereby filed with the clerk of said city of Seattle; that said claim for damages is on account of personal injuries sustained by the said Elizabeth Hase in the said city of Seattle on the 23d day of March, 1907, at 9:30 p. m.; that said injuries consist of pain from a broken left forearm (a fracture known as 'Calles fracture'); also suffers much pain from being bruised through the chest between the shoulder blades and across the small of the back, and since the accident she has suffered nervous chills; that the said injuries were sustained by the said Elizabeth Hase on said date in the city of Seattle on the west side of Sixth avenue between Blanchard street and Bell street; that the said injuries were caused by said Elizabeth Hase falling through a defective sidewalk."

The ordinance demanding the presentation of the notice was as follows:

"All claims for damages against the city must be presented to the city council and filed with the clerk within thirty days after the time when such claim for damages accrued, and no ordinance shall be passed allowing any such claim or any part thereof, or appropriating money or other property to pay or satisfy the same or any part thereof, until such claim has first been referred to the proper department, nor until such department has made its report to the city council thereon, pursuant to such reference. All such claims for damages must ac-

curately locate and describe the defect that caused the injury, accurately describe the injury, give the residence for one year last past of the claimant, contain the items of damages claimed, and be sworn to by the claimant. No action shall be maintained against the city for any claim for damages until after the same has been presented to the city council and sixty days have elapsed after such presentation."

Counsel for respondent vigorously inveigh against the application of the rule of liberal construction, insisting that the city is authorized under the laws and constitution to make such provisions as it deems necessary for its protection, and that it is not the province of the court to destroy such provisions by construction. So far as the first proposition is concerned, it is not a question of construction, liberal or otherwise, for the ordinance plainly provides that the claimant must state in his notice his residence for one year last past. This language is not susceptible of any two meanings, and therefore the only question to be considered is the right of the city to make such a demand of a claimant as a prerequisite to waging his claim for damages.

It is insisted that the uniform trend of authority is that such charter provisions are constitutional and wise, and some authorities are cited to sustain that contention, among them *Scurry v. Seattle*, 8 Wash. 278, 36 Pac. 145. An examination of this case, however, convinces us that it does not announce all that is claimed for it by learned counsel. All that that case held was that the provision of the freeholders' charter of Seattle declaring that no action shall be maintained against the city for any claim for damages unless such claim had been presented to the city council within six months after the time when such claim for damages had accrued was not unconstitutional and void as being in contravention of the statute of limitations with reference to the commencement of actions; but it was also held in that case that the only limitation of the right of the city to make a provision concerning the time in which a claim for damages should be presented would

be the limitation of a reasonable time, and that must necessarily always be a limitation to be taken into consideration, else cities would be conferred with power to destroy rights existing at the common law.

As showing that it never was the idea of this court that the power of cities is unlimited, it was held in *Tacoma v. State,* 4 Wash. 64, 29 Pac. 847, that, although the freeholders' charter of a city may provide an ample method for the condemnation of private property for use as a public street, and legislative enactment may confer upon cities organized under freeholders' charters the authority to appropriate private property to corporate uses, such power was inoperative in the absence of an act of the legislature conferring the right of eminent domain and prescribing the method by which it should be exercised. And in *State ex rel. Snell v. Warner,* 4 Wash. 773, 31 Pac. 25, 17 L. R. A. 263, it was held that, under art. 11, § 10, of the constitution, authorizing a city of twenty thousand or more inhabitants to form a charter for its own government, and providing for amendments thereto, no authority is given such city to extend its boundaries by amendment to its charter; the court in this case saying:

"While the provisions of the constitution are to be given every liberal interpretation when the accomplishment of the purpose to be attained by them is at stake, we are bound to remember that they are somewhat unusual and extraordinary provisions, and that they are indirect restrictions on the power of the legislature, which can prescribe rules for the government of every municipal corporation but these."

It must be borne in mind that the powers claimed by the city in this case—and in fact in all cases of this character—are restrictions on common law rights. In *Seymour v. Tacoma,* 6 Wash. 138, 32 Pac. 1077, it was held that the power conferred by the constitution and laws did not extend to the municipality power to impose a qualification of registration upon the electors. In *State ex rel. Fawcett v. Superior Court,* 14 Wash. 604, 45 Pac. 23, 33 L. R. A. 674, it was held that

these constitutional provisions would not sustain charter provisions providing a tribunal for determining election contests. There we said:

"But we must not lose sight of the elementary proposition that municipal corporations have only the powers which are specially conferred upon them by the legislature, or such other powers as by necessary implication flow therefrom."

But this identical question has been decided by this court in *Durham v. Spokane*, 27 Wash. 615, 68 Pac. 383, where it was held that such charter provisions and restrictions could only be maintained where such conditions and restrictions were reasonable. This was a case for personal injuries alleged to have been sustained by reason of a defective sidewalk. So that the question there discussed was the identical question at issue in this case; and in aid of the construction of the requirement in the ordinance in that case, this court said:

"But it is not the rule that a city may say whether or not it shall be held for personal injuries caused by its neglect of duty. Charter provisions of the character in question, whether enacted by the legislature, or, as in the present case, by the city itself, are to be upheld only so far as they are reasonable and tend to the due administration of justice. When such provisions so far depart from reasonableness as to amount to a denial of justice they are void."

So that the question in this case is resolved into a question of the reasonableness of the ordinance requiring the claimant to give his residence for one year last past. It seems to us that this provision is unreasonable, and would in no way aid the city in the investigation of the claim. This court, in common with all other courts, has uniformly held that the object of these ordinances, and the theory upon which they were sustained, was notice so that the city might be able to prepare for the trial of the cause if it was deemed expedient not to settle the claim. From an excerpt from the opinion of the court, it seems that the court was influenced largely by the report of an Oregon case, where it was ascer-

tained that a professional fraud, who was permanently crippled, had been claiming in different actions that the cause of the injury to his leg was falling through sidewalks in different cities, and had secured judgments fraudulently in different cities in Oregon, that the fraud had finally been discovered, and the claimant sent to the penitentiary. But the fact that fraud in an exaggerated case may be perpetrated upon a city is no reason for the enactment of unreasonable restrictions. Fraud is perpetrated sometimes, not only upon municipal corporations, but upon other corporations and upon individuals, in claims and suits of different characters.

A provision requiring a claimant to give a present residence, as was the case in *Johnson v. Troy*, 48 N. Y. Supp. 998, cited and relied upon by counsel, might be held to be reasonable, for the reason that it would give the city authorities an opportunity to see the claimant and to talk with him, ascertain something of his appearance, or to make advances toward settlement of his claim if deemed expedient. But to require anything further than that seems to be unnecessary, and savors somewhat of inquisitiveness. If a requirement of this kind should be sustained, it is difficult to tell where the subject of biography would end. If the object is to inquire into the character or reputation of the claimant, then it might as well be said that the city has a right to demand, as a prerequisite to commencing an action, that the claimant should give the place of his birth, the different localities in which he had resided from that time up until the filing of the claim, his calling or profession, his parentage, associations, and a thousand and one other things that might be interesting to the city as a matter of idle curiosity. We have not been able to find any case exactly on this point, for it seems that it has never occurred to any other city to place any such provision in its charter. Believing that the provision is unreasonable and uncalled for, especially in consideration of the other requirement prohibiting the commencement of the action for sixty days from the date of the presentation of the claim,

thereby allowing ample time for all pertinent investigation, we think the court erred in rejecting the admission of the notice on that ground.

The other objection urged by counsel for the respondent is that the language used, viz., "that the said injuries were caused by said Elizabeth Hase falling through a defective sidewalk," the location of the sidewalk having been described, is not such a description of the defective sidewalk as is demanded by the ordinance in the provision that "all such claims for damages must accurately locate and describe the defect that caused the injury;" and *Mears v. Spokane,* 22 Wash. 323, 60 Pac. 1127, is relied upon to sustain this contention. In that case the language of the claim was as follows: "which injuries were caused by defects and obstruction in the sidewalk of the said city," describing the location; and this court said, in sustaining the objection to the claim, that:

"To state that the injury was caused by a defect and obstruction in the sidewalk is to but state the general ground upon which a city in every case is liable for injuries sustained upon its streets, but it states no cause for the particular injury. The charter provision is intended to require notice to be given of the cause of the particular injury, and a notice that fails so to do cannot be made the basis of an action against the city for personal injuries."

It seems to us that the case at bar does not fall within the reason of the rule announced in that case. There it could not be ascertained from the claim presented whether the defect was too narrow a sidewalk, or whether it was a temporary obstruction on the sidewalk, or whether it was something hanging down from above and obstructing the sidewalk. In fact, it gave no notice whatever of the character of the defect, and the officers of the city might not have been able to ascertain the character of the defect by a visit to the location. But claims of this kind must be viewed certainly with all the liberality of a pleading, and under the liberal provisions of our code there can be no question that there was enough in the

notice in the case at bar in this respect to put the city on notice that it was the sidewalk itself that was defective—that it was no pendent obstruction, that it was no obstruction of any kind on the top of the sidewalk. These things they would not naturally look for under the notice given in this case, for where the allegation is that the claimant fell through a defective sidewalk, any ordinary intelligent mind would immediately reach the conclusion that there was a hole in the sidewalk or some aperture through which the claimant fell. This case, instead of being governed by the *Mears* case, *supra*, falls more squarely within the rule announced in *Falldin v. Seattle*, 50 Wash. 561, 97 Pac. 658, where the language of the claim was: "Fell through said sidewalk owing to the defective condition, into a hole thereunder," and this language was held sufficient to give notice to the city of the defect complained of.

The rule of all the cases was summarized by this court in *Ellis v. Seattle*, 47 Wash. 578, 92 Pac. 431, where it was said:

"This court has uniformly placed a liberal construction upon the requirements of such notice, holding that the notice had a common sense object, viz., to apprise the officers of the municipality of the location, so that it might be examined with a view to preparing a defense to the action if it was thought a defense should be made; that if it directs the attention of said officers with reasonable certainty to the place of the accident, the requirements of the notice have been met; and that it was not intended that the terms of the notice should be used as a stumbling block or pitfall to prevent recovery by meritorious claimants."

Surely this notice did direct the attention of the officers with reasonable certainty to the place of the accident, and when they were once there, the announcement made to them by the notice that the claimant fell through a defective sidewalk at that particular point was an announcement sufficiently plain to direct an intelligent investigation on the part of such officers. The evident spirit of this character of objections

is to prevent a hearing on the merits, and therefore cannot be sustained.

The judgment will be reversed, and the court instructed to overrule the objections to the introduction of the claim and proceed with the trial of the cause.

HADLEY, C. J., RUDKIN, and CROW, JJ., concur.

MOUNT, J. (dissenting)—I cannot agree that the provision of the city ordinance requiring the claimant to give his residence for one year last past is an unreasonable requirement. I therefore dissent.

FULLERTON, J., concurs with MOUNT, J.