[No. 7454. Decided December 19, 1908.]

MARY JONES, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*, C. J. ERICKSON, *Defendant*.[1]

MUNICIPAL CORPORATIONS—STREETS — DEFECTIVE SIDEWALK — EVIDENCE—ADMISSIBILITY—APPEAL—HARMLESS ERROR. In an action for personal injuries sustained by a fall on a temporary sidewalk, alleged to have been constructed by a city contractor, it is not error to exclude evidence of a city inspector to the effect that the city had not put the walk in place; especially where he afterwards testified that he did not know who did place the same.

APPEAL—REVIEW—EVIDENCE—STRIKING. Error cannot be assigned on the admission of evidence that was stricken out under instructions to the jury to disregard the same.

MUNICIPAL CORPORATIONS—STREETS—DEFECTIVE SIDEWALK — CONDITION AFTER ACCIDENT—EVIDENCE—ADMISSIBILITY. In an action for injuries sustained on a sidewalk within one hour after midnight, evidence is admissible of the condition of the walk a few hours thereafter, just before daylight, and long before street cars commenced running or before there was any traffic on the street.

[1]Reported in 98 Pac. 743.

SAME—INTOXICATION OF COMPANIONS. In an action for injuries sustained on a temporary sidewalk, it is proper to exclude evidence of the intoxication of the persons accompanying the plaintiff.

SAME—NECESSITY OF REPAIRS. In such a case, testimony bearing upon the public necessity of the repairs under way is properly excluded.

TRIAL—INSTRUCTIONS—TESTIMONY AND EVIDENCE. It is not a valid objection to instructions that the word "testimony" was used in place of the word "evidence."

JUDGMENT—AGAINST ONE OF TWO PARTIES—MUNICIPAL CORPORATIONS—STREETS—LIABILITY OF CITY AFTER VERDICT FOR CONTRACTOR—JOINT TORT FEASORS—TRIAL—VERDICT—EFFECT. In an action against a city and its contractor for personal injuries sustained upon a temporary sidewalk, alleged to have been constructed by the contractor, the direction of a verdict in favor of the contractor, because of insufficiency of the evidence as against him, does not preclude a recovery against the city.

APPEAL—REVIEW—ERROR AS TO ONE JOINT TORT FEASOR. In an action against a city and its contractor for personal injuries sustained upon a temporary sidewalk, error in directing a verdict in favor of the contractor is not ground for the reversal of a judgment against the city.

MUNICIPAL CORPORATIONS—ACTIONS—CLAIMS—AS CONDITION PRECEDENT — REASONABLENESS OF REQUIREMENTS. It is an unreasonable requirement that a claimant for damages against a city shall state his residence for one year last past, in a claim to be filed with the city, as a condition precedent to action against the city, and hence one that the city has no power to enforce by ordinance.

APPEAL—REVIEW—NEW TRIAL—DISCRETION. The refusal of a new trial will not be disturbed on appeal where there was no abuse of discretion.

Appeal from a judgment of the superior court for King county, Frater, J., entered March 18, 1908, upon the verdict of a jury rendered in favor of the plaintiff, for personal injuries. Affirmed.

*Scott Calhoun* and *James E. Bradford,* for appellant.
*Morris, Southard & Shipley,* for respondent.
*Shank & Smith,* for respondent Erickson.

DUNBAR, J.—The respondent recovered a judgment against appellant in the lower court for the sum of $1,500,

for damages alleged to have been sustained by her while attempting to walk over a temporary sidewalk placed upon the sidewalk area of one of the streets of Seattle, at which time said street was being regraded by the defendant Erickson, under contract with the city. The judgment was rendered upon a verdict of the jury, and this appeal is taken therefrom.

When the evidence was all in, defendant Erickson challenged its legal sufficiency, and moved the court for a directed verdict as to himself, and such motion was granted.

It is assigned that the court erred in sustaining objections to the following question asked witness Thompson on cross-examination, Thompson being at the time of the accident an inspector of the city: "Did you ever, on the 26th of July, 1906, or any other time prior thereto, order those two planks, or any other planks of any kind, character, or description, placed where counsel says these two planks were?" The objection was properly sustained, for two reasons: (1) It was not proper cross-examination, and (2) there was no allegation in the complaint nor contention on the part of the respondent that the temporary sidewalk was actually put in place by the city; but on the other hand, the allegation was that the same was constructed by and under supervision of the contractor. The city's liability therefore did not arise from the original construction of the walk; and, in any event, the witness shortly after did testify over the objection of respondent that he did not know who did place the planks.

It is contended that the court erred in admitting the testimony of the witness Vallad in relation to the condition of the place of the accident subsequent thereto, viz., between eight and nine o'clock the next morning. Counsel in preparing his case on appeal has evidently overlooked the fact that the record shows (p. 19) that the court, in response to counsel's motion, instructed the jury, that all that part of the testimony of the witness with reference to changes

after the date of the accident would be stricken out, and that it should disregard the same.

It is also assigned that the court erred in not sustaining objections to the testimony of witnesses Dr. Crookall and Mr. Morris, in relation to the condition of the place at which the accident occurred, and which was objected to for the same reason that the objection above noted was made. These witnesses testified to the condition of the place at which the accident occurred as it appeared early the next morning. The accident occurred between twelve o'clock midnight and one o'clock a. m., and the time testified to by the witnesses was only a few hours thereafter the same morning, Mr. Morris testifying that it was long before the street cars commenced running, just towards daylight, and before there was any traffic on the street. The time testified to so closely followed the accident that we think the testimony was admissible.

The court did not err in rejecting the testimony offered for the purpose of showing that the parties who were accompanying the respondent the evening of the accident had been drinking liquor. Neither did the court err in excluding testimony bearing upon the question of the public necessity of tearing up the sidewalk, for this question was not an issue in the case; and even if it were, the court instructed the jury that the city had a right to improve its public thoroughfares even to the extent of making them more dangerous than under original conditions.

Counsel for appellant criticises the instructions of the court for the reason that the word "testimony" was used where it is alleged the word "evidence" should have been used. But this criticism we think is overtechnical. While it is true that some authorities define the words as technically different, making "evidence" the more comprehensive word, yet in common expression, even of courts, they are used synonymously, and we have no idea that the jury was misled by any accurate knowledge on its part of nice technical dis-

tinctions.    This same question was considered by this court in *Noyes v. Pugin*, 2 Wash. 653, 27 Pac. 548, and the contention now urged by appellant was held to be without merit.

Without further reviewing the numerous assignments of error, we think the instructions given fairly stated the law, and we are unable to perceive any error in the admission or rejection of testimony.

It is strenuously urged that, by reason of the court's sustaining a motion for a directed verdict on the part of the contractor and codefendant Erickson, no judgment can be sustained against the city, under the rule announced in *Doremus v. Root*, 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649.    But an examination of the opinion in that case shows that there is no similarity in principle between the two cases. In the *Doremus* case, under the allegations of the complaint, the negligence of the servant for which the master was responsible was the only ground upon which the master could have been held responsible.    Here no such issues are presented. It is contended by the appellant that the court erred in dismissing the contractor Erickson from the case, because the testimony in relation to his negligence was conflicting and should therefore have been submitted to the jury.    Upon this question we do not now pass, for even conceding that the court did err in that particular, it would be no ground for disturbing the judgment rightly obtained by respondent against the city, for the city was primarily responsible to the respondent.    Nor do we at this time indicate whether the city would have redress against the contractor Erickson in an independent action.    Those are questions which cannot affect the rights of the respondent.

It is also contended that the court erred in admitting in evidence the respondent's notice and claim, as not complying with the ordinance requiring a statement of the residence of the claimant for a year prior to the accident.    This requirement was held to be unreasonable by this court in *Hase v. Seattle*, *ante* p. 174, 98 Pac. 370.    But the statement

in this case goes much further towards a strict compliance with the ordinance than did the statement in the *Hase* case, *supra*. There the residence was not given at all, but here the statement is, "that during the time herein mentioned and long prior thereto, she was a resident of Seattle, King county, Washington." The notice was properly admitted.

We are not prepared to say that the court abused its discretion in not granting a new trial on the showing made. On the whole record, we find no reversible error, and the judgment is therefore affirmed.

CROW, MOUNT, RUDKIN, and FULLERTON, JJ., concur.