[No. 7828. Decided February 23, 1909.]

JOHN W. WURSTER, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

MUNICIPAL CORPORATIONS—ACTIONS—CLAIMS—AS CONDITION PRE-CEDENT—REASONABLENESS OF REQUIREMENTS — STATEMENT OF CLAIM-ANT'S RESIDENCE. It is an unreasonable requirement that a claimant for damages against a city shall state his residence for one year last past in a claim to be filed with the city, as a condition precedent to action against the city, and hence one that the city has no power to enforce by ordinance (CHADWICK, FULLERTON, and MOUNT, JJ., dissenting).

Appeal from a judgment of the superior court for King county, Albertson, J., entered June 29, 1908, upon sustaining a demurrer to the complaint, in an action for personal injuries sustained by a pedestrian in a street. Reversed.

[1]Reported in 100 Pac. 143.

*Parker & Brown,* for appellant.

*Scott Calhoun* and *James E. Bradford,* for respondent.

DUNBAR, J.—This was an action against the city of Seattle for the death of a ten-year-old child, caused by coming in contact with a live wire which, it is alleged, was brought to the ground in. a certain street in the city of Seattle by reason of the city's negligently permitting an upright pole, on which the wire was fastened, to fall to the ground. A demurrer was interposed to the complaint, for the reasons (1) that there was a defect of parties plaintiff, (2) that the complaint did not state facts sufficient to constitute a cause of action, and (3) that the claim attached to· the complaint was invalid and did not comply with any of the terms of the city charter relative to filing of such claims. This demurrer was sustained by the court, and the plaintiff electing to rely upon his complaint, judgment was entered dismissing the action, and from such judgment this appeal is taken.

No argument was made in this court, orally or by brief, in favor of the first two grounds set forth in the demurrer; and an examination of the complaint satisfies us that no successful· argument could be made in that regard. We conclude that the demurrer was sustained on the third ground; not for the reason stated so broadly in the demurrer that the notice did not comply with any of the terms of the city charter relative to the filing of such claims, but for the reason that the claim did not state the residence of the claimant for one year last past, this being a requirement of the charter. This is the only ground which was argued by counsel upon this appeal, either in their briefs or orally. Since the court sustained this demurrer, this question has been passed upon by this court, after due consideration and a thorough investigation of the authorities, in *Hase v. Seattle, ante* p. 174, 98 Pac. 370, and we there held that this provision of the charter was unreasonable and therefore could not be sustained. This court also held in *Jones v. Seattle, ante* p.

245, 98 Pac. 743, that this charter provision could not be literally enforced by holding good a notice where the language of the claim was, "That during the time herein mentioned and long prior thereto she was a resident of Seattle, King County, Washington." Counsel for respondent, in their oral argument presented in this case, earnestly urge the court to overrule the decision in *Hase v. Seattle;* but both their oral argument and the arguments presented in the brief are practically the same as the arguments presented to the court in that case, and after duly considering the arguments presented, we are not convinced that we should overrule the decision in the case above referred to.

The judgment in this case will therefore be reversed, and the case remanded with instructions to proceed with the trial of the cause.

RUDKIN, C. J., CROW, and GOSE, JJ., concur.

CHADWICK, J. (dissenting)—I dissent. The charter of the city of Seattle, art. 4, § 29, provides that claims for damages against the city may be prosecuted provided a claim meeting the following conditions is filed: (1) Presentation within thirty days after the time said claim accrues; (2) accurate location and description of the defect that caused the injury; (3) accurate description of the injury and items of damages; (4) the residence of the claimant for one year preceding the time of injury.

Now, if it be a reasonable requirement that a claim must be presented within thirty days—and this court has so held *(Postel v. Seattle,* 41 Wash. 432, 83 Pac. 1025; *Ehrhardt v. Seattle,* 40 Wash. 221, 82 Pac. 296); if it be a reasonable requirement that the location and description of the defect be set out—and this court has so held *(Falldin v. Seattle,* 50 Wash. 561, 97 Pac. 658; *Ellis v. Seattle,* 47 Wash. 578, 92 Pac. 431); if it be a reasonable requirement that the injury be accurately described, a compliance with which would generally require a resort to technical advice and direction—

and this court has so held *(Mears v. Spokane,* 22 Wash. 323, 60 Pac. 1127) ; I can conceive of no reason why we should have held, or should now hold, a requirement that a claimant should give his residence for the year preceding the time of his injury, to be unreasonable. I grant that any condition put upon a claimant must be a reasonable one, and that all such provisions should be liberally construed in favor of the claimant, and to that extent I have no quarrel with the case of *Hase v. Seattle, ante* p. 174, 98 Pac. 370, upon which the majority opinion rests. But I have seen no argument, either in that case or in any other, that convinces me that it is unreasonable to require a claimant to make such discovery of his antecedents as will fully protect the city in its right to know its adversary and investigate his character. The provision is in aid of the honest litigant, rather than a stumbling block and pitfall. In many cases the character of the claimant would be an essential element in effecting a compromise of claims that might otherwise be doubtful. It puts no burden on the deserving, while it may be a most essential weapon in the defense of the claims of the dishonest. This should be the supreme test of reasonableness, when considered in connection with this charter provision. Clearly it seems to me we have assumed to substitute the judgment of this court for that discretion which the legislature has properly lodged in the city of Seattle, the exercise of which is essential to the orderly government of the municipality. As is said in the *Hase* case, there is a dearth of authority upon the exact question before us, but it seems to me that my opinion is sustained by reason as well as the logic of the cases to which I have referred.

FULLERTON and MOUNT, JJ., concur with CHADWICK, J.