[No. 7813. Decided February 26, 1909.]

EUGENE SCHERRER, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

MUNICIPAL CORPORATIONS—ACTIONS—CLAIMS—AS CONDITION PRE-CEDENT—REASONABLENESS OF REQUIREMENTS—STATEMENT OF CLAIM-ANT'S RESIDENCE. It is an unreasonable requirement that a claimant for damages against a city shall state his residence for one year last past, in a claim to be filed with the city, as a condition pre-cedent to action against the city, and hence one that the city has no power to enforce by ordinance (CHADWICK and FULLERTON, JJ., dissenting).

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. It is harm-less error to instruct upon a question not involved in the case, where it was merely casual and leading up to the other instructions, and it plainly appears to have been without prejudice.

SAME. Failure to limit the amount of recovery to the amount claimed is harmless where it appears from the instruction as a whole that the jury could not have been misled, and the verdict was less than the amount claimed.

TRIAL—INSTRUCTIONS—TESTIMONY AND EVIDENCE. It is not a valid objection to instructions that the word "testimony" was used in place of the word "evidence."

APPEAL—REVIEW—EXCEPTIONS TO INSTRUCTIONS. Error cannot be predicated on the refusal to give instructions, request for which was laid on the judge's table and not called to his attention until the jury retired, when the court offered to recall the jury to give the instructions, and counsel did not avail himself of the offer, merely contenting himself with stating an exception.

DAMAGES — PERSONAL INJURIES — EXCESSIVE VERDICT. A verdict will not be set aside as excessive when, if excessive at all, it was not so excessive as to be the result of passion or prejudice.

Appeal from a judgment of the superior court for King county, Albertson, J., entered June 8, 1908, upon a verdict

[1]Reported in 100 Pac. 144.

rendered in favor of the plaintiff, in an action for personal injuries sustained through a defective sidewalk. Affirmed.

*Scott Calhoun* and *James E. Bradford,* for appellant.

*Reynolds, Ballinger & Hutson,* for respondent.

DUNBAR, J.—This action was brought by plaintiff, to recover damages for personal injuries, alleged to have been caused by the negligence of defendant in maintaining a sidewalk, and a verdict was returned in favor of plaintiff in the sum of $963. Motion for new trial was denied, judgment entered, and appeal followed.

The first two assignments of error are to the effect that the court erred in admitting in evidence the claim filed with the city, and erred in denying appellant's motion challenging the legal sufficiency of the evidence. These assignments seem to be directed to an alleged defect in the claim of damages filed, in that the claim did not state the residence of the claimant, for one year last past. This question was determined adversely to appellant's contention in the case of *Hase v. Seattle,* 51 Wash. 174, 98 Pac. 370, where it was held that the requirement under discussion was an unreasonable one; and this decision was affirmed in the case of *Wurster v. Seattle,* 51 Wash. 654, 100 Pac. 143. So that it will not be necessary to discuss that proposition again.

It is assigned that the court erred in its instruction in regard to the duty of the city in constructing its sidewalks, inasmuch as that question was not involved in the case and there was no testimony on that subject. A reference to the original construction of the sidewalk appearing in the instructions given by the court was merely casual, and leading up to the instruction in regard to the duty of the city in maintaining such a walk. It is true that, as a general rule, instructions should not be given concerning immaterial issues; but it plainly appears from all the instructions, and from the testimony, that the instruction was entirely without prejudice. No theory could be advanced upon which the appel-

lant could found a prejudice, because the jury could not possibly have been misled by this prefatory remark of the court concerning the real matter at issue, viz., the negligence of the city in maintaining a dangerous sidewalk.

It is insisted by the appellant that the court erred when it instructed the jury that their verdict should be for the plaintiff in such sum as would fairly compensate him for the loss, in that the court ought to have limited the instruction to the amount claimed in the complaint. We think from the whole instruction that the jury were not misled in this particular, not only from the language of the instructions as a whole, but from the fact that the amount of damages found by the jury was less than the amount claimed.

Counsel for appellant also insists that the court erred in using indiscriminately the words "testimony" and "evidence," in his instructions to the jury, and sets forth the technical differences between the words. This same objection was raised in the case of *Jones v. Seattle*, 51 Wash. 245, 98 Pac. 743, and was disposed of in the following language:

"Counsel for appellant criticises the instructions of the court for the reason that the word 'testimony' was used where it is alleged the word 'evidence' should have been used. But this criticism we think is overtechnical. While it is true that some authorities define the words as technically different, making 'evidence' the more comprehensive word, yet in common expression, even of courts, they are used synonymously, and we have no idea that the jury was misled by any accurate knowledge on its part or nice technical distinctions. This same question was considered by this court in *Noyes v. Pugin*, 2 Wash. 653, 27 Pac. 548, and the contention now urged by appellant was held to be without merit."

In this case there was really only one question for the jury to consider, and that was the contributory negligence of the appellant; for the negligence of the city in maintaining the sidewalk in the condition in which it was maintained was proven without any question, and without any contradiction on the part of the city, the city having introduced no

evidence upon that point. No matter what instruction the court might have given, the jury could not have found that the city was not guilty of negligence.

The appellant alleges error of the court in refusing to give a great number of instructions which appear in the record. In addition to the fact that these instructions, so far as they stated the law, had already been given by the court, the record shows that they really never were submitted to the court for a presentation to the jury. After the jury had retired the following occurred:

"Mr. Bradford: The defendant duly and timely excepts, etc. The Court: I wasn't aware that the defendant requested any instructions. They were not exhibited to me. If they were, I wasn't aware of it. Mr. Bradford: I filed them with the clerk before the argument began. The clerk says they were laid on your desk. The Court: Perhaps I thought they were the pleadings. If there is anything you will call my attention to I will recall the jury. (Looking over instructions.) I did not instruct the jury on the subject of comparative negligence. If you think that is important I will recall the jury. Mr. Bradford: Of course, I want to take exception to the court refusing to give all of them. The Court: I wasn't aware that you requested them given. If you think that is important enough I will recall them. I don't think it is necessary, unless considered of sufficient importance by counsel. Mr. Bradford: Except to the refusal of the court to give defendant's requested instruction No. 1, which requested instruction is as follows, to wit:" etc.

It is evident from the record that counsel was more anxious to obtain an exception to the court's refusal to give instructions than he was to have the instructions given, and that they were not actually submitted to the court for the purpose of being given to the jury. It is well said by counsel for respondent that the object of presenting proposed instructions to the court is, not to place some matter in the record without the court's knowledge from which error can be claimed, but rather to call the court's attention to specific instructions desired, to the end that a just result may be ob-

tained in the trial. In this case, when the court's attention was called to the fact that he had not given the instructions presented by the appellant, he offered to recall the jury and give the instructions if thought necessary by appellant's counsel, and counsel did not indicate that he thought it was necessary. We have examined the instructions of the court as a whole, and they appear to be singularly free from error, plain, fair, and explicit.

It is also .contended that the verdict is excessive. The verdict rendered was for $963. From the testimony in the case we are not able to say that the verdict, if excessive at all, is so excessive that it is the result of passion and prejudice.

The judgment will be affirmed.

RUDKIN, C. J., CROW, and GOSE, JJ., concur.

CHADWICK, J. (dissenting)—For the reasons assigned in the dissenting opinion in the case of *Wurster v. Seattle,* 51 Wash. 654, 100 Pac. 143, I am unable to concur in that part of the foregoing opinion which overrules the first assignment of error. I concur in the conclusions reached by the majority on all other propositions discussed by Judge Dunbar.

FULLERTON, J., concurs with CHADWICK, J.