[No. 9587.   Department One.   July 14, 1911.]

CHARLES H. COLLINS, *Appellant*, v. THE CITY OF SPOKANE, *Respondent*.[1]

MUNICIPAL CORPORATIONS—PRESENTMENT OF CLAIMS—CONTENTS—REASONABLENESS OF REQUIREMENTS. Rem. & Bal. Code, § 7995, requiring a claim in tort against a city to state the claimant's residence, by street and number, at the time of filing of the claim, and for six months prior to its accrual, is reasonable.

SAME—WAIVER OF OBJECTIONS—PLEADING—ANSWER—ADMISSIONS. An answer admitting the filing and rejection of a claim against a city and denying all other allegations, does not waive the objection that the claim filed was insufficient.

SAME—OBJECTION TO CLAIM—CONDITIONS PRECEDENT TO ACTION. Objection to the sufficiency of a claim filed against a city need not

[1]Reported in 116 Pac. 663.

be taken by plea in abatement, as the statute requiring the filing of the claim is mandatory and compliance is a condition precedent which must be alleged and proved.

SAME—EXCUSES FOR NONCOMPLIANCE. The fact that a claimant's residence was known to the city officials and the claim rejected on its merits, does not excuse the statement of such residence in a claim against the city, as required by statute.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered August 3, 1910, upon granting a nonsuit in an action for the death of plaintiff's son by reason of a defective city bridge. Affirmed.

*Charles P. Lund* and *Del Cary Smith*, for appellant.

*Fred B. Morrill* and *V. T. Tustin*, for respondent.

Gose, J.—This is an action of tort against the city of Spokane. A judgment of nonsuit was entered against the plaintiff, and he has appealed. The complaint charges that the appellant's minor son lost his life in consequence of the negligence of the respondent in maintaining a foot bridge over the Spokane river without railings or other protection. The code (Rem. & Bal. Code, §§ 7995 and 7997), provides:

"Whenever a claim for damages sounding in tort against any city of the first class shall be presented to and filed with the city clerk or other proper officer of such city, in compliance with other valid charter provisions of such city, such claim must contain, in addition to the valid requirements of such city charter relating thereto, a statement of the actual residence of such claimant, by street and number, at the date of presenting and filing such claim; and also a statement of the actual residence of such claimant for six months immediately prior to the time such claim for damages accrued.

"Compliance with the provisions of this act is hereby declared to be mandatory upon all such claimants presenting and filing any such claims for damages."

The judgment of nonsuit was entered because the appellant had failed to comply with these requirements.

The appellant contends, (1) that the provisions of the

statute are unreasonable and unconstitutional; (2) that they were waived; and (3) that it was competent to prove that the city had actual notice of his residence. We will consider these propositions in the order stated. This court is committed to the view that there is a common-law liability in this state against cities and towns for their torts in the performance or nonperformance of their municipal duties. *Hutchinson v. Olympia*, 2 Wash. Ter. 314, 5 Pac. 606; *Hase v. Seattle*, 51 Wash. 174, 98 Pac. 370, 20 L. R. A. (N. S.) 938. We have also held that reasonable legislative regulations for the presentment of claims against a city for a tort will be upheld (*Durham v. Spokane*, 27 Wash. 615, 68 Pac. 383), and that unreasonable regulations will not be enforced. *Hase v. Seattle*, *supra; Jones v. Seattle*, 51 Wash. 245, 98 Pac. 743; *Wurster v. Seattle*, 51 Wash. 654, 100 Pac. 143; *Scherrer v. Seattle*, 52 Wash. 4, 100 Pac. 144.

It is contended that the provision requiring "a statement of the actual residence of such claimant by street and number at the date of presenting and filing such claim, and also a statement of the actual residence of such claimant for six months immediately prior to the time such claim for damages accrued," is an unreasonable restriction upon the rights of litigants, and therefore not enforceable under the rule announced in the *Hase* case. We cannot agree with this contention. As was said in *Johnson v. Troy*, 24 App. Div. 602, 48 N. Y. Supp. 998:

"It is frequently just as important to investigate the claimant as it is the claim."

In the *Hase* case a city ordinance requiring the claim to state the residence of the injured party for one year preceding his injury was held unreasonable. The statute, it will be observed, only requires the notice to state the residence at the date of presenting and filing the claim, and for six months immediately prior to the time the claim accrued. The line of demarkation between a reasonable and unreasonable regulation cannot always be defined with exactness. Like the line

which marks the limit of the police power, it must be re-
solved by a process of inclusion and exclusion rather than
precise definition. While adhering to the view announced in
the *Hase* case, we are not disposed to extend the doctrine
there announced.

The appellant has cited *Born v. Spokane*, 27 Wash. 719,
68 Pac. 386, and *Bell v. Spokane*, 30 Wash. 508, 71 Pac. 31.
These cases have no application. In the *Born* case it was
held that mental or physical incapacity is a sufficient excuse
for not giving notice of the claim within the time prescribed
in the city charter. In the *Bell* case it was held that a cler-
ical error in the jurat to the verification does not invalidate
the notice. Statutory regulations of this character, if rea-
sonable, violate no constitutional rights. 5 Thompson, Neg-
ligence, § 6322.

The complaint alleges:

"That within 30 days from said 2d day of September,
1909, the plaintiff filed with the city of Spokane, a claim for
damages on account of the death of said William Henry Col-
lins, as aforesaid, by reason of the negligence and careless-
ness of the defendant as hereinbefore stated, which said claim
was rejected by said defendant and disallowed."

This is admitted in the answer, as follows:

"Admits that within thirty days from the said 2d day of
September, 1909, the plaintiff filed with the city of Spokane
a claim for damages on account of the death of the said Wil-
liam Henry Collins, which said claim was rejected by the de-
fendant, and denies each and every other allegation of said
paragraph four."

It is contended that this constitutes a waiver. Assuming,
but not deciding, that the city may waive the provisions of
the statute notwithstanding the mandatory provision, we do
not think this amounts to a waiver. The appellant had pre-
sented a claim for damages, but it contained none of the stat-
utory requirements. The complaint was demurrable and the
demurrer would have admitted every fact admitted by the
answer. The answer admitted the facts pleaded, but did not

admit any fact not pleaded. *Durham v. Spokane,* 27 Wash. 615, 68 Pac. 383, and *Pearson v. Seattle,* 14 Wash. 438, 44 Pac. 884, cited by the appellant, are not in point. It is urged that the action being for the enforcement of a common-law right, the failure to allege a compliance with the statute is available only by answer or plea in abatement. White's Supplement to Thompson on Negligence, § 6356, is relied upon in support of this view. The author states the rule as contended for, but cites only one case—*Bunker v. Hudson,* 122 Wis. 43, 99 N. W. 448—in support of the text. That case holds that the statute merely postpones the right to commence the action until the matters required by the statute have been performed, and that a failure to comply with the statute is strictly matter in abatement. It distinguishes in this respect between actions for tort at common law and the same class of actions resting upon a statute. We think the better rule is that a statute of this character is mandatory, and that a compliance with its provisions is a condition precedent to the bringing of the action. The giving of the notice in substantial compliance with the statute must be alleged and proven. 5 Thompson, Negligence, § 6321; *Gardner v. New London,* 63 Conn. 267, 28 Atl. 42; *Clark v. Tremont,* 83 Me. 426, 22 Atl. 378; *Mitchell v. Worcester,* 129 Mass. 525; *Bausher v. St. Paul,* 72 Minn. 539, 75 N. W. 745; *Engstrom v. Minneapolis,* 78 Minn. 200, 80 N. W. 962; *Lincoln v. Finkle,* 41 Neb. 575, 59 N. W. 915; *Lincoln v. Grant,* 38 Neb. 369, 56 N. W. 995; *Curry v. Buffalo,* 135 N. Y. 366, 32 N. E. 80; *Johnson v. Troy, supra.*

At common law no preliminary notice or demand was required before commencing an action against a municipal corporation for injuries resulting in consequence of its negligence. The bringing of the action was a sufficient demand. 5 Thompson, Negligence, § 6319. If the statute may require the injured party to file a claim stating the time, place, cause, and extent of the injury—and we have so held—it may require him to plead and prove a compliance therewith, as a

condition precedent to a recovery.    This, we think, was one
of the purposes of the statute.

The appellant offered to prove that the place of residence
of the appellant was known to the officers of the city, and that
the claim was rejected on its merits and not because of the
failure of the appellant to give notice in conformity with the
statute.    The refusal to admit this testimony is assigned as
error.    The statute makes no exception in such cases, and
there is nothing in the record to indicate that the appellant
was misled by any act of the respondent.    He merely failed
to comply with the statute, and must bear the burden of his
own inadvertence.

The judgment is affirmed.

FULLERTON and MOUNT, JJ., concur.

PARKER, J. (concurring)—I concur in the result reached
by the majority opinion, but desire to state that I regard the
real distinction between this case and that of *Hase v. Seattle*,
51 Wash. 174, 98 Pac. 370, 20 L. R. A. (N. S.) 938, to be
that the requirement for filing the claim here involved is
found in a state law, while in the *Hase* case the requirement
was found in an ordinance of the city.    I do not think the
city has the power, by ordinance or charter, to require a
claimant to state the place of his residence for any length of
time prior to the filing of his claim, and that such a require-
ment would be unreasonable.    I think this is what the *Hase*
decision ought to mean and that it is what it does mean.    This
court has, to my mind, gone to the extreme in holding that
cities may, by charter or ordinance, prescribe the conditions
upon which they may be sued.    It is only because of the rule
of *stare decisis* that I now admit that such is the law.    I
think the doctrine of those holdings should in no event be ex-
tended, so far as the city's power is concerned in that regard.
The practical result of that doctrine has enabled a party to a
wrong, to wit, a city, to make substantive law by prescribing
the conditions upon which it may be sued.    Clearly, no other

party to an action was ever accorded such a privilege, and it is to be remembered that the city's liability for a tort such as is here involved is that of any other party at common law, as is pointed out by the majority opinion.    This being a state law, the test of reasonableness as applied to a city charter or ordinance does not apply.    It might even be well argued that the legislature could entirely take away the right to sue a city, the same as it could withhold the right to sue the state.

DUNBAR, C. J., concurs for the reasons stated by PARKER, J.