[No. 12132.   Department One.   December 28, 1914.]

DORA HAYNES, *Appellant*, v. THE CITY OF SEATTLE,
*Respondent*.[1]

MUNICIPAL CORPORATIONS — CLAIMS — PRESENTATION — STATUTORY
PROVISIONS. Rem. & Bal. Code, § 7995, providing that claims for
damages against a city shall be filed with the city clerk within thirty
days, and in cases of cities of the first class, shall comply with its
charter provisions, which required the claim to be filed within
thirty days and "be sworn to by the claimant" which provisions are
made mandatory, is not unreasonable, as applied to a case where the
injured person was delirious and so incapacitated as to be unable
to make and swear to a claim within the thirty days; and it is not
sufficient that, within the thirty days, the claimants filed a claim
sufficient in all respects except that it was sworn to by the father
and not by the claimant.

STATUTES — TITLES AND SUBJECTS — REVISION — AMENDMENTS. A
statute providing that the filing of claims against a city shall be
filed with the city clerk and also comply with all valid city ordi-
nances respecting the subject, does not violate Const., art. 2, § 37,
providing that no act shall be amended by mere reference to its
title, in that it attempts to embody city charter provisions by refer-
ence only.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered February 28, 1914, dismissing
an action for personal injuries sustained by reason of a
defective street, upon sustaining a demurrer *ore tenus* to the
complaint. Affirmed.[2]

*Geo. B. Cole* and *John Wesley Dolby*, for appellant.

*James E. Bradford* and *Howard M. Findley*, for respond-
ent.

GOSE, J.—This is an action for damages for personal in-
juries to the plaintiff, caused by the alleged negligence of
the defendant. Immediately after the jury was empaneled
and sworn to try the case, the defendant demurred to the
complaint *ore tenus*, upon the ground that the complaint does

[1]Reported in 145 Pac. 73.

[2]Rehearing pending.

not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the plaintiff electing to stand upon her complaint and declining to plead further, a judgment was entered dismissing the action. This appeal followed.

It is alleged in the complaint that Crockett street, in the respondent city, was open for travel and traveled by the public; that there was a deep chasm in the street, and that there were no lights or barriers to indicate its presence or to warn the public of the danger; that, on the 30th day of March, 1913, about midnight, an automobile in which the appellant was riding as a passenger, was driven into the chasm, and that she sustained serious and permanent injuries. The facts constituting the negligence of the city and the injuries which the appellant sustained are set forth in the complaint with great detail. The complaint shows that the respondent city was culpably negligent.

It is alleged that the appellant was delirious and mentally and physically incapacitated to transact business from the time she met her injury until the fourth day of June following; that on April 26, her father verified and presented a claim for damages in her behalf to the city, and that on the 5th day of June, and as soon as she was mentally and physically able to do so, she duly verified her claim for damages and filed it with the city. Both claims were rejected. The claim presented by the appellant's father is sufficient upon its face in every respect, except that it was verified by him alone. The appellant's claim complies with the conditions of the city charter except as to the time of its presentation.

Section 29, art. 4, of the charter of the respondent city provides that all claims for damages against the city must be presented to the city council and filed with the clerk "within thirty days after the time when such claim for damages accrued, . . . and be sworn to by the claimant." Laws 1909, page 181 (Rem. & Bal. Code, § 7995), provides that claims for damages sounding in tort against a city of the first

class shall be presented to and filed with the city clerk or other proper officer of such city "in compliance with valid charter provisions of such city;" that the claim must contain "in addition to the valid requirements of such city charter relating thereto," a statement of certain facts, and that "the provisions of this act shall be in addition to such charter provisions, and such claims for damages in all other respects shall conform to and comply with such charter provisions." Section 3 (Id., § 7997), declares that compliance with the provisions of the act is mandatory upon all claimants presenting and filing claims for damages.

The first contention is that the act is unconstitutional. We held to the contrary in *Cole v. Seattle*, 64 Wash. 1, 116 Pac. 257, Ann. Cas. 1913 A. 344, 34 L. R. A. (N. S.) 1166, and *Collins v. Spokane*, 64 Wash. 153, 116 Pac. 663, 35 L. R. A. (N. S.) 840.

It is argued that the statute is violative of art. 2, § 37, of the constitution, which provides:

"No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length,"

in that it attempts to embody the charter provisions of cities of the first class by reference only. This contention cannot be upheld. *Carstens v. De Sellem*, 82 Wash. 643, 144 Pac. 934; *Connor v. Seattle*, 76 Wash. 37, 135 Pac. 617; *Wolpers v. Spokane*, 66 Wash. 633, 120 Pac. 113.

It is contended that, under the facts pleaded, the provisions of the city charter requiring a claim to be filed within thirty days is unreasonable, under the rule announced in *Born v. Spokane*, 27 Wash. 719, 68 Pac. 386; *Ehrhardt v. Seattle*, 33 Wash. 664, 74 Pac. 827; *Hase v. Seattle*, 51 Wash. 174, 98 Pac. 370, 20 L. R. A. (N. S.) 938; *Jones v. Seattle*, 51 Wash. 245, 98 Pac. 743; *Wurster v. Seattle*, 51 Wash. 654, 100 Pac. 143, and *Scherrer v. Seattle*, 52 Wash. 4, 100 Pac. 144.

We pointed out in *Benson v. Hoquiam,* 67 Wash. 90, 121 Pac. 58, that all these cases were decided before the enactment of the laws of 1909. In *Ransom v. South Bend,* 76 Wash. 396, 136 Pac. 365, in construing Laws 1909, page 627 (Rem. & Bal. Code, § 7998), which provide that all claims for damages against any city or town of the second, third, or fourth class must be presented to the city or town council and filed with the city or town clerk "within thirty days" after the time when such claim for damages accrued, we held that there could be no recovery where the claim was not presented within thirty days, even if the physical and mental incapacity of the plaintiff continued through the entire period fixed by the statute for its presentation. The same principle was enunciated in *Benson v. Seattle,* 78 Wash. 541, 139 Pac. 501, and *Hall v. Spokane,* 79 Wash. 303, 140 Pac. 348. In the last two cases, however, plaintiff's incapacity did not run through the entire period of time. In *Durham v. Spokane,* 27 Wash. 615, 68 Pac. 383, it was said that charter and statutory provisions in respect to the reasonableness of the requirements touching the presentation of the claims for torts against a municipality are upon the same plane. It would seem illogical to hold that the thirty-day limitation period is conclusive upon the courts in the smaller cities and towns, and that the same limitation is unreasonable in cities of the first class because depending upon a charter provision. We have held that, the legislature having spoken in respect to smaller cities and towns, the question of reasonableness or unreasonableness is foreclosed. The statute establishes the public policy of the state, and the same dignity must be accorded to charter provisions with a like period of limitation in cities of the first class. In *Ransom v. South Bend,* after referring to the rule announced in *Born v. Spokane* and *Ehrhardt v. Seattle,* we said:

"The appellant invites us to apply this rule of interpretation to the statute. This we cannot do without trenching upon powers vested exclusively in a co-ordinate branch of the

state government. When the law-making branch of the government has spoken, the courts may interpret, but cannot add to or take from, the clear and unambiguous meaning of the law. To do so would be legislation rather than interpretation. The policy, expediency, and wisdom of a statute are legislative and not judicial questions."

The claim presented by the father did not comply with the provisions of the city charter, because it was not "sworn to by the claimant." In *Cole v. Seattle*, we held that this clause was reasonable and that it was an "earnest of that good faith which the city has a right to demand."

The judgment is affirmed.

CROW, C. J., CHADWICK, MORRIS, and PARKER, JJ., concur.